## BIRD *v.* BENTON & BROTHER.

1. In a proceeding to foreclose a chattel mortgage to secure the payment of a promissory note executed by the defendant to the plaintiffs, it was not error for the court to exclude a "cotton bill" containing a statement of numbers of bales of cotton, their weight and value, issued and signed by a third person, and which only tended to show that the defendant had delivered to such third person the cotton therein specified. In the absence of parol testimony tending to show any connection of the plaintiffs with the transaction of which the "cotton bill" was evidence, it was irrelevant to any issue on trial.

2. Where it appears that after the rejection of the "cotton bill," defendant's counsel stated to the court that "all the cotton bills of 1903 and 1904 were similar to the one excluded," and the court said to counsel, "I do not know what you have here; offer your papers and receipts one at a time, and I will rule on the same as they are offered," but no other bill was tendered, a ground of a motion for a new trial, that such ruling was erroneous, is without merit.

3. There being evidence from which the jury would have been authorized to find that after the defendant had given direction for the application of certain payments to the note, for the payment of which the chattel mortgage now sought to be foreclosed was executed, he had almost immediately thereafter authorized the application of such payments to other items of indebtedness, it was not error for the court to charge the jury that "if, after directing the application of payments to mule notes, the defendant consented, directly or impliedly, from his acts or words, to a different application of said payments from that requested, or acquiesced in a different application of said payments from that requested, then he would be bound by his acquiescence."

4. It is error for the court to give to the jury instructions presenting issues not authorized by the evidence, although the instructions themselves, as abstract propositions of law, may contain nothing objectionable.

Submitted July 18, 1906.—Decided January 17, 1907.

Affidavit of illegality. Before Judge Lewis. Jasper superior court. December 15, 1905.

Benton & Brother foreclosed a chattel mortgage against Bird, and obtained an, execution thereon. The defendant in fi. fa. interposed an affidavit of illegality, in which he alleged, among other things, that in November, 1902, he purchased of the plaintiffs a certain mule, the price of which was $125, and that he paid $40 cash and gave his note for the balance, $85. The note itself, a copy of which is in the record, shows that it was given for $94.20, with interest from maturity. It is dated November 11, 1902, and became due October 1, 1903. The defendant in fi. fa. alleges, that the note was usurious, in that it included a higher rate of interest than the law allows; and that one of the notes to secure which the chattel mortgage was given was in part a renewal of said note alleged to be usurious. Upon the trial of the issues raised by the affidavit of illegality, the jury returned a verdict for the plaintiffs in fi. fa. The defendant moved for a new trial, which was denied,. and he excepted.

*A. Y. Clement,* plaintiff in error. *G. F. Johnson,* contra.

Beck, J. (After stating the facts.)

1-3. The first, second, and third headnotes deal sufficiently with the assignments of error there passed on.

4. In the remaining ground of the motion for a new trial which it is necessary to notice, error was assigned upon the following charge of the court: "If from the evidence you believe there

was a time price and a cash price on a mule, and the cash price was $125, and defendant paid $40 at the time he bought the mule, and gave his note for $94.20 balance, this would not be usury." It is not contended by plaintiffs in error that this excerpt from the charge is not substantially correct, but the criticism made upon it is that there was no evidence to authorize it, and the record constrains us to agree with him as to the justness of the criticism made. The defendant testified that the price of the mule for the purchase-money of which the notes were given was stated to be $125, and that he paid $40 and gave a note, bearing interest from maturity, for the balance, which would have been $85, but the note itself showed that it was for $94.20,—that is, $9.20 additional, which was practically 12 1/2 % of the balance due; and the note was made payable on the 1st day of October, 1903, which was less than one year from the date of its execution. He also testified that Mr. Benton, a member of the plaintiffs' firm, said to him that "he would only charge me 12 1/2 % interest on said note." · This testimony of the defendant is nowhere controverted. Benton was on the stand and testified in the case, but did not deny the defendant's testimony as to the 12 1/2 % interest being charged. In reference to this part of the transaction the latter merely said, "I took his note for the balance, $94.20, time price."

This court has given full recognition to the doctrine that it is lawful and not usurious to charge one price for property sold for cash, and a higher price for the same property if sold on credit. It has also steadily maintained the principle that if the contract is for the sale of property at a cash valuation, and certain payments are to be deferred in consideration that a greater rate of interest than that allowed by law is to be paid by the purchaser, the contract would be usurious. See *Rushing* v. *Worsham,* 102 *Ga.* 825, and cases there cited. It must be observed that in the case at bar one of the parties to the contract of sale testified positively that the amount added to the deferred payment was for interest at the rate of 12 1/2 % per annum. And in this he is corroborated by the exact figures representing the amount of said payments, and to some extent by the testimony of the plaintiff himself, who admits that there was nothing said about "cash or time price." And he did not contradict the statement of the defendant that it was explicitly agreed that the amount added as aforesaid to the remainder

of the purchase-price was at the rate of interest of 12 1/2 % per annum. Such being the evidence upon this particular issue, the judge should not have submitted the issue embodied in the portion of the charge just quoted, as it gave to the defendant the advantage of. a theory which was unsupported by proof.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*