41571. PLASTICS DEVELOPMENT CORPORATION v. FLEXIBLE PRODUCTS COMPANY.

ARGUED OCTOBER 6, 1965—DECIDED OCTOBER 15, 1965.

*Robert Paul Leiter, Marvin O'Neal, Jr.,* for plaintiff in error.
*Smith & Custer, Lawrence B. Custer,* contra.

HALL, Judge. The defendant contends that the petition and its exhibits showing the above quoted provision show that the amount sued for is usurious.

"While it is lawful and not usurious to charge one price for property sold for cash and a higher price for the same property if sold on credit, still, if the contract is that the property is to be sold at a cash valuation, and that certain payments are to be deferred, in consideration that a greater rate of interest than that allowed by law is to be paid by the purchaser, then the contract would be usurious." *Irvin v. Mathews,* 75 Ga. 739; *Rushing v. Worsham & Co.,* 102 Ga. 825, 829 (30 SE 541); *Bird v. Benton,* 127 Ga. 371, 373 (56 SE 450); *E. Tris Napier Co. v. Trawick,* 164 Ga. 781, 782 (139 SE 552).

The invoices reflecting the terms of the sale transactions alleged in the present petition show on their face the intent to

charge more for the forbearance of money than the highest rate permitted by law. *Code* § 57-101; *Shealy v. Toole,* 56 Ga. 210, 213; *Bird v. Benton,* supra, 374; *Ozmore v. Coram,* 133 Ga. 250 (65 SE 448); accord *Atlanta Savings Bank v. Spencer,* 107 Ga. 629, 633 (33 SE 878).

Therefore the trial court erred in overruling demurrers numbered 3 and 4 to the allegations of paragraphs 4 and 5 of the petition that the plaintiff is entitled to recover sums calculated in accordance with the quoted provision of the invoices.

Since the petition does not show that the plaintiff cannot recover the amount shown on the invoices as the price of the goods, the trial court did not err in overruling the general demurrer. *Code* § 57-112. The trial court did not err in overruling the special demurrer on the ground that the exhibits show on their face the amount sued for was usurious, because the exhibits show only that part of the amount sued for—that calculated under the quoted provision for interest—was usurious. The trial court did not err in overruling the demurrer numbered 2 to paragraph 1 of the petition, since not all the allegations of that paragraph, demurred to as a whole, were subject to the demurrer.

*Judgment overruling demurrers numbered 3 and 4 to paragraphs 4 and 5 of the petition reversed; otherwise affirmed. Bell, P. J., and Frankum, J., concur.*