## 61480. CITIZENS STATE BANK v. HEWITT.

McMURRAY, Presiding Judge.

On July 24, 1975, Walter C. Hewitt executed and delivered a combination note and security agreement creating a security interest in favor of Citizens State Bank, Kingsland, Georgia, in a 1975 Dodge pickup truck. On October 7, 1976, Hewitt executed and delivered a second combination note and security agreement creating a security interest in favor of the bank in a 135 horsepower Evinrude motor, a 2000 Gator trailer, and a McKee Craft boat. Hewitt thereafter became in default in his payments on the two notes. On July 11, 1978, the bank, by and through its duly authorized agents, repossessed Hewitt's truck, boat, motor, and trailer, returning same to its parking lot where a "For Sale" sign was displayed on each item.

On July 12, 1978, a standard form letter correspondence was forwarded to Hewitt, titled "Notice of Intention to Pursue Deficiency Claim" with reference to the personal items secured. However, in the

body of the correspondence it advised Hewitt with reference to *the automobile* repossessed after default it would be sold "in order for Citizens State Bank to recover the amounts owed under your contract plus any expenses allowed by law." Further, if the proceeds from the sale are not sufficient to pay the entire amount owed plus any expenses, the bank intended to pursue a deficiency claim against Hewitt. The letter further advised that he had a *right to redeem the automobile* and terminate the contract by paying the bank a certain amount at any time prior to the first day on which *the automobile* would be offered for sale, "if not redeemed, or at any time thereafter until it is sold." The letter also advised him he had a *right to demand a public sale of the automobile* by so advising the bank of his demand "in writing by registered or certified mail ... within ten ... days of the posting of this notice." There was no mention in the body of the letter that the boat, motor and trailer had been repossessed, would thereafter be sold and a deficiency judgment sought in the event the proceeds from the sale were not sufficient to pay off the indebtedness; the right to redeem same and terminate the contract or that Hewitt had a right to demand a public sale of these items. The items were then sold at separate private sales, that is, the "Dodge pickup" to one business concern and the boat, motor and trailer to another some 6 months later.

Citizens State Bank, as plaintiff, then sought judgment against the defendant for $4,225 with interest as provided by law and reasonable attorney fees. It set forth in its complaint, among other things, that defendant had failed to make the payments specified in their contract and that it had exercised its rights under said contract to foreclose, that the defendant was notified by certified mail of the private sale of said collateral, his right to redeem same, and the intent of plaintiff to pursue a deficiency balance if necessary. A copy of the notice above shown was attached as an exhibit to the complaint.

The defendant answered in general denying the claim, admitting only jurisdiction and the execution of the two separate notes executed by him in favor of the plaintiff. Defendant added other affirmative defenses that all notices were not reasonable as required by law and the private sale of the collateral was not commercially reasonable as required by Code Ann. § 109A-9—504 (Ga. L. 1978, pp. 1081, 1130).

After discovery and the issuance of the pretrial order in which the issues were narrowed to whether or not an actionable deficiency exists in the amount owed plaintiff by defendant under the promissory notes and whether the sale of the property was accomplished in a commercially reasonable manner, the case proceeded to trial. At the completion of the evidence defendant

moved for a directed verdict contending the plaintiff had failed to carry the burden of proof that it had "reasonably notified the debtor" that it would seek a deficiency judgment; that it intended to sell the goods at a private sale and when that sale was to take place, and that the defendant had never waived his right to notification; further, that the sale must be commercially reasonable and that plaintiff failed to prove that every aspect of the sale, including the method, manner, time, place and terms were commercially reasonable and that the resale was a fair and reasonable value of the collateral at the time of the repossession, thereby precluding plaintiff from a deficiency judgment. The plaintiff in its argument and response to the motion contends that the letter was satisfactory to all purposes as to every item of personal property even though it is quite clear from the letter that *only the automobile* was mentioned. The trial court then denied the motion with respect to the Dodge motor vehicle but granted the motion with respect to the boat, motor, and trailer inasmuch as the language in the letter "your indebtedness" was insufficient under law to supply notice as to the intentions of the secured party with reference to the boat, motor, and trailer and the notice did not notify the debtor that the plaintiff was going to dispose of them in a commercially reasonable manner in a public or private sale. The court stated to counsel that the Uniform Commercial Code, being in derogation of the common law it must be strictly construed and that the plaintiff failed to give proper notice with respect to the boat, motor, and trailer that plaintiff intended to seek a deficiency judgment after sale, either public or private. Thereafter, plaintiff moved for a directed verdict with reference to the deficiency on the promissory note involving the motor vehicle, and the court directed a verdict in the amount of $1,666.60 (including statutory attorney fees), with reference thereto instructing the jury to eliminate plaintiff's claim for $2,731 plus statutory attorney fees, plus costs, with respect to the boat, motor, and trailer, based upon the evidence in the case. A judgment was then entered reciting that the jury had been directed to render a verdict to the plaintiff with reference to the promissory note executed July 24, 1975, and in favor of the defendant with regard to the note executed October 7, 1976, and granted plaintiff judgment against the defendant for the sum of $1,666.60. Both plaintiff and defendant filed notices of appeal, but the defendant later dismissed his appeal. *Held:*

Code Ann. § 109A-9—504, supra, sets forth in detail the secured party's right to dispose of collateral after default. As to the effect of the disposition and its right to seek a deficiency, paragraph (3) states clearly that the disposition of the collateral may be by public or private proceedings and may be made by way of one or more

contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms *"but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable . . . [and] . . . reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor,"* if he has not after default signed a statement waiving, renouncing, or modifying his right to notification of the sale. (Emphasis supplied.) Compliance with this Code section is a condition precedent to recovery of any deficiency between the sale price of the collateral and the amount of the unpaid balance. See *Gurwitch v. Luxurest Furn. Mfg. Co.,* 233 Ga. 934, 936 (214 SE2d 373). The secured party, in failing to strictly comply with the statutory law (Code Ann. § 109A-9—504, supra, with reference to the reasonable notification of the time after which any private sale or other intended disposition is to be made) cannot recover the deficiency. See *Braswell v. American Nat. Bank,* 117 Ga. App. 699, 701 (161 SE2d 420); *GEMC Federal Credit Union v. Shoemake,* 151 Ga. App. 705, 706 (261 SE2d 443), and cases cited. Compare *Georgia Grain & Stillage Co. v. First Ga. Bank,* 142 Ga. App. 709 (1) (236 SE2d 913); *Sands v. C. & S. Nat. Bank,* 146 Ga. App. 853, 855 (247 SE2d 544).

The trial court did not err in directing the verdict against the plaintiff where it is clear from the notice that there was non-compliance with Code Ann. § 109A-9—504 (3), supra.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 8, 1981.

*John J. Ossick, Jr.,* for appellant.
*Robert W. Harrison, Jr., Stephen L. Berry,* for appellee.