appellants.

*Michael J. Reily,* for appellee.

61227. BAILEY et al. v. DUNN.

POPE, Judge.

Appellee initiated this action in the Superior Court of DeKalb County to domesticate a default judgment obtained against appellants in Alabama. Appellants moved to dismiss the action or alternatively for summary judgment asserting that the Alabama court did not have personal jurisdiction over them. Subsequently, appellee filed his motion for summary judgment on the ground that there was no issue of material fact.

Some weeks later appellants were served with a brief in support of appellee's motion for summary judgment to which supporting affidavits were attached. The next day at a scheduled hearing the summary judgment was granted in favor of appellee making the Alabama judgment the judgment of the trial court.

Appellants enumerate as error the trial court's consideration of appellee's affidavits filed and served upon appellants the afternoon before the summary judgment hearing. Appellants argue that the trial court should not have considered this material because it had not been served in a timely fashion.

Appellee indicates that the same issues were raised in both appellants' and appellee's motions for summary judgment and despite the fact that appellee's affidavits were attached to his brief in support of his motion for summary judgment, they were affidavits in opposition to appellants' motion for summary judgment. Therefore, appellee contends that the affidavits were delivered in compliance with Code Ann. § 81A-156 which provides that the adverse party may serve opposing affidavits prior to the day of the hearing on a motion for summary judgment. We find no merit in this argument. Since appellee's affidavits were in support of his motion for summary judgment, he is not excused from compliance with the procedural requirements thus applicable.

To determine whether affidavits in *support* of a motion for summary judgment are properly before the court considering the motion, Code Ann. §§ 81A-156 and 81A-106 must be read together. *Jones v. Howard,* 153 Ga. App. 137 (264 SE2d 587) (1980). Code Ann. § 81A-156 (c) provides that a motion for summary judgment shall be served at least 30 days before the time fixed for the hearing. Code

Ann. § 81A-106 (d) provides, "When a motion is supported by an affidavit, the affidavit shall be served with the motion." The purpose of this statute is to prevent a party from being surprised the day of the hearing by an affidavit that they would not be in a position to answer. *Jones,* supra. This procedure insures that the party against whom summary judgment is sought will be provided with "a full and final opportunity to meet and attempt to controvert the assertions against him." *Applegarth Supply Co. v. Schaffer,* 130 Ga. App. 353, 357 (203 SE2d 277) (1973).

It should be noted that the strict requirement that affidavits in support of motions for summary judgment "shall be served with the motion" is not absolute, but trial judges may exercise their discretion to permit the late filing of affidavits. *Wall v. C. & S. Bank,* 145 Ga. App. 76 (2) (243 SE2d 271) (1978). The party seeking to file affidavits late must make a motion and obtain an extension from the court pursuant to Code Ann. § 81A-106 (b). In the present case there was no request made for an extension of time within which to file and serve the affidavits prior to making the motion for summary judgment nor was there a finding of excusable neglect in failing to serve the affidavits with notice of the motion for summary judgment. Therefore, appellee failed to proceed in a manner that would permit the trial court to exercise its discretion under § 81A-106 (b).

The judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion. We express no opinion upon the merits of appellee's claim.

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 23, 1981.

*Phillip S. Davi,* for appellants.
*Clark H. McGehee,* for appellee.