## 62220. CITIZENS & SOUTHERN NATIONAL BANK v. DORSEY et al.

BIRDSONG, Judge.

Summary Judgment. A local car dealer entered into a promissory note agreement with Willie Fleming Dorsey and his mother, Annie Mae Dorsey for the purchase price of a Monte Carlo automobile. This note subsequently was transferred to the appellant, C & S Bank (Bank). The note was made out in the name of Willie Fleming Dorsey whose address was shown on the note to be Star Route 15, Harlem, Georgia. No address was shown for Annie Mae Dorsey other than Star Route Box 15 appearing on the face of the note. After execution of the note, it came into default. The Bank repossessed the car. Thereafter the Bank sent a letter of intent addressed only to Willie Fleming Dorsey at the different address of Route 1, Box 236, Harlem, Georgia, informing Willie Fleming Dorsey that the Bank on a day certain was going to sell the collateral and if there was a deficiency Willie Fleming Dorsey would be held liable for the deficiency. No similar notice was ever sent to Annie Mae Dorsey at any address. A return receipt was received by the Bank signed by Fleming Dorsey and one Daisy Williams. The car was sold at private sale resulting in a substantial deficiency. The Bank then brought suit against both signers of the note, Willie Fleming Dorsey as buyer and Annie Mae Dorsey as co-buyer, seeking the deficiency plus attorney fees. The Dorseys filed their answer and a counterclaim in due time. Subsequently the Bank and the Dorseys, mother and son, filed motions for summary judgment. The Bank moved for summary judgment on January 15, 1981 including therewith its affidavit in support thereof. On January 26, 1981, the Dorseys filed their motions for summary judgment. The trial court consolidated the motions for hearing on March 4, 1981. The Dorseys did not support with evidence their motions for summary judgment until the filing of affidavits on the Bank on February 25, 1981, only seven days before the scheduled hearing on the summary judgments. In their affidavits, the Dorseys asserted that no notice of sale of the collateral with a view toward protecting a deficiency was ever served upon either of them. In their affidavits, the Dorseys showed that Route 1, Box 236, Harlem, Georgia is the residence address of Fleming Dorsey, the father of Willie Fleming Dorsey. The signature appearing on the return receipt is that of the father, Fleming Dorsey, and not that of the co-maker of the note, Willie Fleming Dorsey. They asserted that Willie Fleming Dorsey did not live at Route 1, Box 236 at the time the note was made nor had he lived at that address since the execution of the note. Willie Fleming Dorsey has lived throughout the period from the making of

the note at the address shown on the note, Star Route, Box 15, Harlem, Georgia. Both Willie Fleming and Annie Mae Dorsey denied ever receiving notice of the sale. Although it is not clear from the record, it further appears that Annie Mae Dorsey had pledged the title to a Mustang with the Bank for a debt unrelated to the car purchased by Willie Fleming Dorsey. It is inferable that the Bank was holding title to the Mustang as security for the Monte Carlo. Annie Mae Fleming counterclaimed for the return of the title to the Mustang asserting in her affidavit that the indebtedness on that car had been satisfied and the Bank refused to surrender to her the title. The Bank contends that the trial court erred in considering the affidavits of the Dorseys because of their failure to file the affidavits in *support* of their motions at the same time as their motion for summary judgment (i. e., at least thirty days before the scheduled hearing). Thus appellant argues that in the absence of the affidavits, the appellees (Dorseys) offered no facts denying the note or the deficiency due. The trial court in a rather complete order made findings of fact and conclusions of law (for which this court is appreciative) and granted summary judgment to the Dorseys on the Bank's motion for summary judgment, denied the Bank's motion and granted the motion of Mrs. Dorsey on her counterclaim seeking the return of the title to the Mustang. The Bank enumerates as error each of these rulings. *Held:*

1. In order to reach the merits of the grants and denial of summary judgment, we must first decide whether the trial court erred in considering the affidavits submitted by the Dorseys only seven days before the hearing was scheduled on the motions for summary judgment. This question was recently considered by this court in *Bailey v. Dunn,* 158 Ga. App. 347 (280 SE2d 388). There this court held: "To determine whether affidavits in *support* of a motion for summary judgment are properly before the court considering the motion, Code Ann. §§ 81A-156 and 81A-106 must be read together. *Jones v. Howard,* 153 Ga. App. 137 (264 SE2d 587) (1980). Code Ann. § 81A-156 (c) provides that a motion for summary judgment shall be served at least thirty days before the time fixed for the hearing. Code Ann. § 81A-106 (d) provides, 'When a motion is supported by an affidavit, the affidavit shall be served with the motion'. . . . It should be noted that the strict requirement that affidavits in support of motions for summary judgment 'shall be served with the motion' is not absolute, but trial judges may exercise their discretion to permit the late filing of affidavits. *Wall v. C & S Bank,* 145 Ga. App. 76 (2) (243 SE2d 271) (1978). The party seeking to file affidavits late must make a motion and obtain an extension from the court pursuant to Code Ann. § 81A-106 (b)." In the present case as in the *Bailey* case,

supra, there was no request made for an extension of time within which to file and serve the affidavits prior to the hearing on the motion for summary judgment nor was there a finding by the trial court of excusable neglect in failing to serve the affidavits with notice of the motion for summary judgment. The Dorseys therefore failed to proceed in a manner that would permit the trial court to exercise its discretion under Code Ann. § 81A-106 (b). *Bailey v. Dunn,* supra, p. 348. It follows that the trial court erred in considering the affidavits in support of the motions for summary judgment filed by the Dorseys. Moreover, even if we ignore the Dorseys' plain denomination of the affidavits as being in support of their motions for summary judgment and considered the affidavits as being counter-affidavits to the Bank's motion for summary judgment, at best the affidavits create issues of fact in relation to the Bank's motion.

Code Ann. § 109A-9—504 (3) (Ga. L. 1978, pp. 1081, 1130) provides that disposition of collateral may be at public or private sale but that such sale must be preceded by ". . . reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. . . ." Compliance with Code Ann. § 109A-9—504 is a condition precedent to recovery of any deficiency between the sale price of the collateral and the amount of the unpaid balance. *Citizens State Bank v. Hewitt,* 158 Ga. App. 238, 239 (279 SE2d 531). Even without considering the affidavits of the Dorseys, their responsive pleadings denied any notice; the Bank's documents attached to its pleadings showed that the letter of notification was not sent to Annie Mae Dorsey at all and was sent to Willie Fleming Dorsey at an address different from the one reflected in the promissory note. The Bank's affidavit does not explain this discrepancy. Thus the trial court did not err in denying summary judgment to the Bank considering the unresolved issues of fact. However, the court did err in granting summary judgment to the Dorseys on their motions by considering their affidavits in spite of the late filing of those affidavits in *support* of their motions.

2. As to Ms. Dorsey's motion for summary judgment in relation to the title to the Mustang, we are constrained to observe that when one discounts the affidavit untimely filed and erroneously considered by the trial court in support of Ms. Dorsey's motion and further consider that the appellant Bank has failed or declined to even recognize the counterclaim, there is not any evidence in support or against the counterclaim. In the absence of any evidence, the motion filed by Ms. Dorsey cannot be considered a motion for summary judgment. See *Newsrack Supply v. Heinle,* 127 Ga. App. 843 (195 SE2d 193). Rather the motion must be one on the pleadings. When we

examine her pleadings on the counterclaim, at once we are struck by the failure to proclaim that the Bank has no legal right to possess the title to the Mustang. In the face of such paucity of pleading, we could not sustain the grant of a motion on the pleadings and certainly cannot sustain the grant of summary judgment. It follows that the trial court erred in its grant of summary judgment on the counterclaim.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 2, 1981.

*Daniel J. Craig,* for appellant.
*C. Thompson Harley,* for appellees.