69766. WEHUNT v. WREN'S CROSS OF ATLANTA CONDOMINIUM ASSOCIATION, INC.
(332 SE2d 368)

BEASLEY, Judge.

This is an appeal from a jury verdict as to expenses of litigation, namely, attorney fees.

On April 20, 1981, appellant Wehunt recorded a non-purchase money second mortgage security deed to a condominium unit of appellee Wren's Cross of Atlanta Condominium Association, Inc. owned by Peller. At that time Peller owed no assessments or charges to Wren's Cross on the unit. Beginning June 1, 1981, Peller failed to pay his unit assessments and Wren's Cross filed suit for $906 monthly assessments and late charges, $43.14 interest, $31 court costs, plus expenses and costs of collection, including reasonable attorney fees actually incurred by Wren's Cross which was alleged by the association to be $483. These amounts became a lien against the unit ("pre-foreclosure lien").

In February 1982, Wehunt foreclosed on his second mortgage and on March 26 recorded the Deed Under Power of Sale from Peller to

himself. Wren's Cross then made written demand on Wehunt for the amount of the pre-foreclosure lien and he refused to pay. The appellee association filed suit against Wehunt and in so doing incurred additional costs and expenses, including attorney fees ("collection expenses").

In an order issued March 1, 1983, the trial court granted Wren's Cross' motion for summary judgment, denied Wehunt's motion for summary judgment, and found that the association still had, as of March 26, 1982, a valid and enforceable perfected lien against the subject unit "in the amount of $980.14 plus reasonable attorney fees actually incurred, in an amount not yet liquidated"; that the pre-foreclosure lien was prior and superior to Wehunt's security deed, and that Wehunt foreclosed on his non-purchase money second mortgage security deed subject to the pre-foreclosure lien and was jointly, severally and personally liable with Peller for its payment. The court also held that the amount of reasonable attorney fees actually incurred would be determined at a later evidentiary hearing. The order stated that Wren's Cross had a further lien against the subject unit then owned by Wehunt, that Wehunt was personally obligated for interest on the unpaid lien amount at 8% per annum from March 26, 1982, plus costs of collection including court costs, the expenses of sale, any expenses required for protection and preservation of the unit, and reasonable attorney fees actually incurred, the amount of which was then unliquidated and to be determined at a later evidentiary hearing.

After evidentiary hearing, in an order of April 7, 1983 which was submitted and agreed to both by counsel for the association and counsel for Wehunt, the court liquidated the reasonable attorney fees portion of the pre-foreclosure lien "through and including the date that William Wehunt recorded his taking title to the property by Deed Under Power of Sale recorded March 26, 1982 . . ."; the court determined this pre-foreclosure amount to be $399. Also pursuant to this order the pre-foreclosure lien amounts were paid into court and then to Wren's Cross. The collection expenses against Wehunt remained unpaid.

On June 9 appellant filed a "Plea in Bar of Res Judicata and Estoppel by Judgment," claiming that the order of April 7 resulted in an adjudication of the merits of all the association's claims and was a bar to further action in this regard by the association against Wehunt, i.e., that the order and judgment were final and conclusive in determining the amount of attorney fees owed by Wehunt.

By order of August 5 again jointly drafted, submitted and agreed to by counsel, the court denied Wehunt's plea and set a time frame for jury trial of any and all remaining issues in the case, such being expenses and attorney fees incurred in the suit against Wehunt. The

jury on May 17, 1984, returned a verdict for the association in the amount of $9,000 and the court entered judgment thereon.

Wehunt filed a motion for judgment notwithstanding verdict, a motion for new trial, an amended motion for new trial, and a motion to set aside judgment. The association filed a request for Wehunt to post a supersedeas bond. The court granted the association's request for bond and denied Wehunt's motions. Wehunt appeals.

1. Appellant maintains that the court erred in overruling his motion for new trial, but this is not so.

Wehunt attacked the verdict upon the general grounds. On appeal of denial of a motion for new trial based on general grounds, the sole question for the appellate court is whether there is any evidence to support the verdict. *Burnet v. Bazemore*, 122 Ga. App. 73, 74 (176 SE2d 184) (1970).

The voluminous record contains a summary of billing for over $7,000 from appellee's counsel regarding the suit prior to the four-day jury trial, testimony as to the "retainer arrangement" with Wren's Cross which called for hourly billing of $65 for work not covered under the monthly retainer fee, testimony from appellee's counsel that there had been $9,000 worth of productive fee time in the collection action, and testimony from other counsel that the fees charged were reasonable. There is sufficient evidence to support the verdict for expenses and attorney fees incurred in the collection effort from Wehunt.

2. Appellant asserts that the court erred in overruling his motion for new trial as amended.

Wehunt's amended motion added as grounds for new trial the assertions that the court erred in denying his plea in bar of res judicata and estoppel by judgment, and that the question of reasonable attorney fees was fixed as of March 1, 1983, the date of the amended order awarding Wren's Cross summary judgment, and that remaining for determination was only the amount and reasonableness of those fees. In this appeal, appellant has separately enumerated as error the denial of his plea in bar. Therefore, we presently address the second assertion.

The record shows that the order determining the pre-foreclosure lien amount did not address the separate issue of determining or liquidating collection expenses, including attorney fees, incurred in the suit against Wehunt.

OCGA § 44-3-109 (b) permits: "To the extent that the condominium instruments provide, the lien for assessments shall also include . . . (3) The costs of collection, including court costs, the expenses of sale, any expenses required for the protection and preservation of the unit, and reasonable attorney's fees actually incurred; . . ."

The subject condominium instruments provide for lien rights

which would include those authorized by statute. The collection expenses incurred were not fully liquidated until the time of the jury verdict and judgment entered thereon; the authorized collection expenses continued to accrue until that time. The trial court did not err in denying Wehunt's amended motion for new trial upon the ground that the amount of fees should have been fixed at the time of the amended order granting summary judgment to appellee.

3. Wehunt next claims that the court erred in entering judgment in the amount of $9,000 because he asserts it is excessive on its face. Appellant's brief makes it plain that by this enumeration of error, he is assessing that the judgment is unquestionably excessive when evaluated under the Directory Rules of our State Bar. Any complaint about a violation of these rules properly addresses itself to the State Bar. However, they are of aid here, providing guidelines for the propriety of fees for legal services. DR 2-106 reads in pertinent part: "(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. (B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer, or lawyers performing the services; (8) whether the fee is fixed or contingent. . . ."

In light of our analysis of evidence adduced at trial in Division 1 of this opinion, we find a claim that the judgment is excessive on its face, that is, as a matter of law, to be without merit.

4. Appellant contends that the trial court erred in overruling his plea in bar, in the nature of a plea of res judicata and estoppel by judgment.

Res judicata bars relitigation of any matter of a cause of action that was, or could have been put in issue and adjudicated in a prior proceeding between the same parties, while estoppel by judgment prevents relitigation in a subsequent suit (involving a different cause of action) a matter which was actually adjudicated in a former case. *Blackburn v. Blackburn*, 168 Ga. App. 66, 72 (308 SE2d 193) (1983); see also OCGA §§ 9-12-40 and 9-12-42.

In the instant case, there were not two separate proceedings be-

tween the same parties in which there was an attempt to relitigate in the second proceeding issues that were or could have been adjudicated in the first proceeding, nor was this an attempt to litigate in a second suit involving a different cause of action a matter actually adjudicated between the parties in the initial suit. The disposition of the motions for summary judgment did not and, indeed, could not have adjudicated Wehunt's full obligation in regard to appellee's collection effort. Moreover, the law of the case rule has been abolished. OCGA § 9-11-60 (h). Here, we have the trial court proceeding with separate adjudicative stages in the same, ongoing cause of litigation. There is no mandate that a trial court wait to make any disposition until all conceivable aspects of a suit are capable of determination. Not only would this be a pragmatic impossibility, but it would serve to prolong and protract litigation. Our Civil Practice Act contemplates and makes provision for judicial determination of less than an entire cause of action, and under certain circumstances, review by the appellate courts prior to full adjudication of a suit.

The doctrines of res judicata and estoppel by judgment are inapplicable here and the trial court properly denied appellant's plea in this regard.

5. Wehunt maintains that the court erred in failing "to limit attorney's fees through February 1, 1983, the date of the judgment entered on appellee's motion for summary judgment. . . ."

Appellant claims the fees should have been limited to $2,988.50, which amount he asserts is reflected in plaintiff's exhibit 12, admitted during the trial. The record discloses that such exhibit is a summary of legal fees incurred in the suit against Wehunt as invoiced by appellee's counsel from March 1, 1982, up until the commencement of trial on May 14, 1984. The record further shows that the initial order granting appellee's motion for summary judgment was issued on February 9, 1983, and that the amended and supplemented order in this regard was entered on March 1, 1983. We find no applicable judgment of February 1, 1983, from which point to consider the limitation of fees. Also, the exhibit cited by appellant as support for this limitation of fees does not reflect, for the contended time frame, the amount calculated by appellant.

If we assume that appellant in the present enumeration intended to argue that the fees should have been limited as of the March 1, 1983 order, we have already decided this adversely to appellant. See Division 2, supra.

6. Lastly, appellant maintains that the court erred in failing to apply OCGA § 13-1-11 to the association's claims for attorney fees.

OCGA § 13-1-11 (a) (2) provides for the validity and enforcement of obligations to pay attorney fees upon notes, etc. and reads in pertinent part: "*If such note or other evidence of indebtedness provides*

*for the payment of reasonable attorney's fees without specifying any specific percent,* such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00; . . ." (Emphasis supplied.)

This limitation on fees found in OCGA § 13-1-11 (a) (2) is inapplicable to this case. Wehunt's indebtedness stems from the association's right to a lien for assessments, including the costs of collection as provided in the condominium instruments and in OCGA § 44-3-109 (b) (3). Such statutory provision authorizes "reasonable attorney's fees actually incurred" and therefore does not call for reasonable attorney fees without specifying any certain percentage as contemplated in OCGA § 13-1-11 (a) (2).

The issue of attorney fees in the instant case falls outside the ambit of the restriction in OCGA § 13-1-11 (a) (2), and therefore this enumeration is likewise without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 7, 1985 — 

*William V. Hall, Jr.,* for appellant.
*Donald B. Kuperman,* for appellee.