## A91A1224. HERSHISER v. YORKSHIRE CONDOMINIUM ASSOCIATION, INC.
### (410 SE2d 455)

McMURRAY, Presiding Judge.

Plaintiff Yorkshire Condominium Association, Inc., a condominium homeowners' association responsible for the management and maintenance of the common elements of Yorkshire Townhomes, filed this action against defendant Hershiser, owner of a condominium unit of Yorkshire Townhomes, to collect certain condominium assessments or fees, along with interest and attorney fees.

On August 9, 1990, plaintiff moved for summary judgment supported by an affidavit of Michele Young. On September 20, 1990, defendant filed her cross motion for partial summary judgment and for payment of attorney fees. Plaintiff filed a supplemental affidavit of Ms. Young on October 23, 1990, and on October 26, 1990, the affidavit of plaintiff's counsel. On October 29, 1990, defendant filed a brief in support of oral objections made at the summary judgment hearing to plaintiff's use of the supplemental affidavit of Ms. Young and the affidavit of plaintiff's counsel.

The state court granted plaintiff's motion for summary judgment, awarding damages of $1,059.70 in principal, $114.78 in interest, and $5,251.15 in attorney fees for a total judgment of $6,425.63. The defendant's motions for partial summary judgment, attorney fees, and to strike affidavits were denied. Defendant appeals from the grant of plaintiff's motion for summary judgment and from the denial of her motions for partial summary judgment and to strike affidavits. *Held*:

1. OCGA § 9-11-6 (d) provides in part, "When a motion is supported by affidavit, the affidavit shall be served with the motion." While this statutory rule is not absolute and trial judges may exercise their discretion to permit the late filing of affidavits, the party seeking to file affidavits late must make a motion and obtain an extension from the court pursuant to OCGA § 9-11-6 (b). *Citizens & Southern Nat. Bank v. Dorsey*, 159 Ga. App. 784, 785 (1) (285 SE2d 242). No such request for an extension of the time within which to file and serve the affidavits having been made in the case sub judice and no finding of excusable neglect in failing to timely file and serve the affidavits having been made by the state court, we must conclude that plaintiff failed to proceed in a manner that would permit the state court to exercise its discretion under OCGA § 9-11-6 (b). It follows that the state court erred in considering (in relation to plaintiff's motion for summary judgment), over defendant's objection via motion to strike, the supplemental affidavit of Ms. Young and the affidavit of plaintiff's counsel which were filed subsequent to plaintiff's motion for summary judgment. *Citizens & Southern Nat. Bank v. Dorsey*, 159 Ga. App. 784, 785 (1), supra; *Bailey v. Dunn*, 158 Ga. App. 347

(280 SE2d 388). Compare *Riberglass, Inc. v. ECO Chemical Specialties*, 194 Ga. App. 417, 418 (1), 419 (390 SE2d 616).

2. Pursuant to OCGA § 44-3-109 (b) (3) plaintiff sought to recover "reasonable attorney's fees actually incurred." The evidence submitted by plaintiff on this issue shows no more than the amount billed by its attorney. This evidence is insufficient to establish the reasonableness of the claimed attorney fees, therefore the state court erred in awarding attorney fees to plaintiff. *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (4) (285 SE2d 203); *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (4) (278 SE2d 689). Compare *Wehunt v. Wren's Cross &c. Assn.*, 175 Ga. App. 70, 72 (1) (332 SE2d 368).

3. Defendant enumerates as error the state court's failure to strike portions of the original affidavit of Ms. Young. While there is authority for the striking of affidavits submitted on summary judgment where proper and timely motions to strike have been submitted (*Ford v. Ga. Power Co.*, 151 Ga. App. 748, 749 (2A) (261 SE2d 474)), no such motion to strike Ms. Young's original affidavit was filed by defendant in the state court. Criticism of the affidavit at issue in defendant's brief did not elicit action by the state court and therefore did not amount to a motion to strike. This enumeration of error is without merit. *Connell v. Houser*, 189 Ga. App. 158, 159 (3) (375 SE2d 136).

4. The state court erred in awarding plaintiff interest on the sum allegedly due. The plaintiff's condominium declaration reserved interest on assessments not paid when due at a rate in excess of that permitted under the provisions of OCGA § 44-3-109 (b) (2). While plaintiff sought to recover, in the state court, only the amount permitted under the statute, contracting for the payment of the higher rate amounts to usury. *Walton v. Johnson*, 213 Ga. 108, 110 (2) (97 SE2d 310). Usury results in forfeiture of the entire interest. OCGA §§ 7-4-2 (a) (2) and 7-4-10 (a).

"There are four requisites of every usurious transaction: (1) A loan or forbearance of money, either express or implied. (2) Upon an understanding that the principal shall or may be returned. (3) And that for such loan or forbearance a greater profit than is authorized by law shall be paid or is agreed to be paid. (4) That the contract was made with an intent to violate the law." *Bank of Lumpkin v. Farmers State Bank*, 161 Ga. 801, 810 (132 SE 221). See also *Knight v. First Fed. &c. Assn., Savannah*, 151 Ga. App. 447, 448 (1), 449 (260 SE2d 511). All of these elements are present in the case sub judice.

5. In her fifth enumeration of error, defendant contends that the state court erred in construing the contract or condominium instruments in relation to attorney fees. In view of the paucity of evidence concerning the basis for the attorney fees awarded (see Division 2),

there is nothing in the record which conclusively supports defendant's hypothesis that the state court awarded pre-litigation attorney's expenses. Therefore, an issue as to whether pre-litigation attorney fees could be awarded under plaintiff's declaration is not ripe for appellate review. Since this issue is prematurely raised, it will not be addressed on this appeal. Insofar as this enumeration of error is concerned with the applicability of OCGA § 13-1-11 to plaintiff's claims for attorney fees, we note our decision in *Wehunt v. Wren's Cross &c. Assn.*, 175 Ga. App. 70, 74-75 (6), supra.

6. In summary, the state court's grant of summary judgment in favor of plaintiff is reversed for the reasons stated in Divisions 1, 2 and 4 of this opinion. The denial of defendant's motion for partial summary judgment on plaintiff's claim for interest on past due assessments is also reversed, based on Division 4.

We affirm the denial of defendant's motion for partial summary judgment on plaintiff's claim for attorney fees.

*Judgment affirmed in part and reversed in part. Andrews, J., concurs. Sognier, C. J., concurs specially.*

SOGNIER, Chief Judge, concurring specially.

I concur fully. I write to explain my agreement with the majority's conclusion, in Division 4, that all of the elements necessary to show usury are present in this case, particularly the showing that there existed a "loan or forbearance of money." I have found only one Georgia case in which usury was found to exist where the underlying obligation was a forbearance of money rather than a loan, note, or mortgage: in *Plastics Dev. Corp. v. Flexible Prods. Co.*, 112 Ga. App. 460 (145 SE2d 655) (1965), we noted that a contract calling for interest at a rate greater than that allowed by law for delayed payments on an account was usurious. Black's Law Dictionary (5th ed., p. 580) defines "forbearance" as an "[a]ct by which [a] creditor waits for payment of [a] debt due him by [a] debtor after it becomes due . . . [or a] delay in enforcing rights." As it is undisputed in the case sub judice that the assessments forming the principal sued on here were overdue, it follows that the delay in collection was a forbearance on the part of the association, and thus the necessary elements of usury existed.

DECIDED SEPTEMBER 12, 1991.

*Lipshutz, Greenblatt & King, Randall M. Lipshutz, Bruce J. Landau, Zimring & Ellin, Martin L. Ellin*, for appellant.

*Swift, Currie, McGhee & Hiers, Jane C. Barwick*, for appellee.