A96A1932. STATE ETHICS COMMISSION v. LONG.
(478 SE2d 618)

MCMURRAY, Presiding Judge.

Permission to pursue a discretionary appeal was granted to the State Ethics Commission ("the Commission") to answer the question whether the superior court erred in failing to award attorney fees under OCGA § 21-5-6 (b) (14) (C) (v), after the Commission prevailed in an enforcement action under the Georgia Ethics in Government Act, OCGA § 21-5-1 et seq. We reverse and remand with direction to enter an award of attorney fees based on the undisputed evidence of record.

The following chronology is undisputed: On August 8, 1994, the Commission filed this "PETITION TO ENFORCE CONSENT ORDER," alleging that, after "the Commission conducted an investigation concerning whether the Respondent [Lynn Long] failed to disclose, as a candidate for Chairman of the Board of Commissioners of Catoosa County, campaign contributions from various supporters . . . as required by O.C.G.A. § 21-5-34," the Commission and the respondent entered into a Consent Order, dated November 30, 1993. In that consent order, the Commission and the respondent agreed to

the following findings of fact by the State Ethics Commission: "Respondent, Lynn Long, failed to disclose miscellaneous contributions in violation of O.C.G.A. § 21-5-30 (d). This amounts legally to an acceptance of anonymous cash contributions which is prohibited by O.C.G.A. § 21-5-30 (e). The Respondent also failed to maintain proper accounts and records of his campaign funds as required under O.C.G.A. § 21-5-32, failed to maintain a list of contributors in the way and manner provided for by law, and failed to list his own personal contributions to the campaign as required under O.C.G.A. § 21-5-34. The Respondent admits the substance of these allegations, however, Respondent contends he did not wilfully violate any provisions of law or regulation. The Commission specifically [made] no findings as to whether the Respondent acted with intent."

"The Respondent [agreed] to file such amendments to previous campaign contribution disclosure reports as are necessary to fully disclose campaign contributions and expenditures received and made in 1992 by the Respondent. Upon filing such amended reports all funds still constituting anonymous contributions shall be delivered to the State of Georgia in accordance with the requirements of the law. . . . The Respondent [further agreed] to pay a total civil penalty of $1,500.00 [in five scheduled payments; . . . with no] portion of the civil penalty [paid] from campaign funds. . . . The Respondent [agreed to] cease and desist from any and all violations of the Ethics in Government Act." Respondent's signature to this consent order was attested by H. Kimbrell Sawyer III, counsel for respondent.

The petition to enforce this consent order further alleged that respondent "satisfied the portion of the Consent Order which required payment of a $1,500.00 civil penalty[, . . . but alleged that, in] lieu of an amended campaign contribution disclosure reports [sic], as required by O.C.G.A. § 21-5-34, the Respondent, through his lawyer, sent a single paragraph [unsworn] narrative dated March 14, 1994 purporting to be a suitable amendment." Respondent's unsworn submission was captioned "ETHICS IN GOVERNMENT ACT . . . AMENDED CAMPAIGN CONTRIBUTION DISCLOSURE REPORT[, and recites as follows:] COMES NOW Lynn Long, and amends his campaign contribution disclosure reports filed in 1992 as follows: I received from Bill Cohen $1,200.00, Bobby Plemons $2,500.00, Ronnie Byrd and wife $200, Wesley Smith $300.00, John Selmon $200.00, James Mashburn $100.00 and Bill Collison and wife $200.00, all of which was originally understood by me to be miscellaneous contributions which did not require disclosure. I also spent at least $826.00 of my own money and any discrepancy between these amendments and my previously filed disclosure statements is resolved. I did not know I had to report my own contributions. Any expenditures shown to be in excess of amounts received came from

my own funds. THIS 14TH DAY OF MARCH, 1994. . . . [signed] Lynn Long."

C. Theodore Lee, Executive Secretary of the State Ethics Commission, wrote to respondent's counsel on March 31, 1994, informing counsel that "[a]ny amendment must be in compliance with the requirements of O.C.G.A. section 21-5-34 for original reports[, . . . and that] funds should be reported for the time period in which they were received." Mr. Lee enclosed two proper report forms, and stated his intention to refer respondent's submissions to the State Ethics Commission, "so the Commission can decide as a body whether the terms of the Consent Order have been complied with." Counsel replied in a letter dated April 11, 1994, contending that "Mr. Long has fulfilled his legal duty under the consent order[, and opining that] the Commission has no further jurisdiction over Mr. Long in this matter." Counsel further contended that the Commission was "singling out Mr. Long in an arbitrary and capricious manner in violation of [respondent's] civil rights under 42 U. S. C. § 1983." Invoking the Georgia Open Records Law, OCGA § 50-18-70, counsel demanded copies of "[a]ny and all insurance policies maintained by the State Ethics Commission[, . . . and advising that] a failure to comply with this request [within three days] will subject you [C. Theodore Lee, Esquire,] to misdemeanor criminal charges under O.C.G.A. § 50-18-74 and your agency to civil penalties provided for in O.C.G.A. § 50-18-73." In a letter dated April 15, 1994, Mr. Lee replied to counsel's demand, informing him that the documents counsel sought "are not in the custody or control of the State Ethics Commission[, and requesting that counsel] direct all [future] correspondence to [the Commission's] legal counsel, [a] Senior Assistant Attorney General. . . ."

In response to the August 8, 1994, petition to enforce the consent order, respondent submitted a "SPECIAL APPEARANCE TO CONTEST JURISDICTION; ANSWER, AND COUNTERCLAIMS OF RESPONDENT . . . AND COMPLAINT FOR PERMANENT INJUNCTION." Respondent denied being in violation of the consent order, arguing that it "makes no difference whether the information was provided on an 'official' State form or not. Likewise, it makes no difference that the information was 'unsworn.'" In his counterclaims, respondent alleged a "conspiracy to deprive [him] of his constitutional rights, to cause damage to his reputation, [and] to cause him unnecessary trouble and expense." He ultimately demanded "recoupment and/or setoff of the $1,500.00 paid . . . because of Petitioner's[, i.e., the Commission's, alleged] wilful and intentional breach of the term of good faith and fair dealing implied as a matter of law in the Consent Order."

After discovery, the Commission moved for summary judgment.

The Commission simultaneously moved for "an award of $6550.00 for attorney's fees incurred in the prosecution of the . . . action," under the authority of OCGA § 21-5-6 (b) (14) (C) (v). This motion for attorney fees was supported by the affidavit of Julia Gonzalez, Assistant Attorney General, wherein she deposed that she had spent "74 hours prosecuting this enforcement action and defending the counterclaims filed by Respondent, many of which were spent addressing Respondent's counsel's failure to proceed diligently with discovery[; . . . and that the] fair market rate for an attorney with similar experience for this type of litigation is $75.00 per hour." This affidavit was marked "[f]iled in office[,] June 23, 1995 . . . /s/ Norman L. Stone, Clerk."

On July 27, 1995, the superior court ordered that the discovery period be "extended for an additional six months from March 7, 1995," that is, to September 7, 1995. On February 1, 1996, respondent filed his response and cross-motion for summary judgment. On Monday, February 26, 1996, the superior court granted the Commission's motion for summary judgment and ordered respondent "to comply with the requirements of the [Ethics in Government] Act," OCGA § 21-5-1 et seq. The following Monday, March 4, 1996, the Commission filed a "SUPPLEMENT TO PETITIONER'S MOTION FOR ATTORNEY'S FEES," consisting of the affidavit of Assistant Attorney General Julia Gonzalez. She deposed that she "spent 95.4 hours prosecuting this enforcement action and defending the counterclaims filed by Respondent[, and demanded] a total of $ 7,155.00 in attorney's fees. . . ." On March 18, 1996, respondent moved to strike this supplemental affidavit on the ground that it was "not filed prior to the hearing conducted . . . and is therefore untimely as a matter of law and should not be considered for any purpose."

In an order entered March 22, 1996, the superior court agreed that this supplemental affidavit was untimely. The order recites that a hearing was held where both the Commission's motion for summary judgment and its motion for attorney fees were argued; that no evidence was introduced to the court on the issue of attorney fees; and no evidence was offered to show that the conduct of respondent or counsel authorized an award of attorney fees. The superior court concluded that "respondent complied with the spirit of the law if not the letter in this action"; and that OCGA § 21-5-6 (b) (14) (C) (iv) "appears to deny the respondent due process on its face," by ostensibly denying respondent an administrative opportunity to show that he had not violated the terms of the consent order while precluding an independent inquiry by the superior court. Consequently, the superior court denied the Commission's motion for attorney fees, reasoning that no "automatic award of attorney fees to the Commission would be justified, notwithstanding the language of O.C.G.A. § 21-5-6 (b) (14) (C) (v)."

The Commission's application for discretionary appeal was granted by this Court and a timely notice of appeal was filed. *Held*:

In its sole enumeration of error, the Commission contends the trial court erred in failing to award attorney fees under the Georgia Ethics in Government Act, OCGA § 21-5-1 et seq. The Commission argues that, since the superior court had granted the Commission's motion for summary judgment and enforced the consent order, the superior court was *required* to make an award of attorney fees. We agree.

1. The Georgia Ethics in Government Act ("the Act") was enacted "to protect the integrity of the democratic process and to ensure fair elections for constitutional[, . . .] state[, . . . and local] offices." OCGA § 21-5-2. The General Assembly concluded that "it is for the public to determine whether significant private interests of public officers have influenced the state's public officers to the detriment of their public duties and responsibilities, and [that], in order to make that determination and hold the public officers accountable, the public must have access to the disclosure of the significant private interests of the public officers of this state."

To that end, the Commission is empowered "[t]o prescribe the forms to be used in complying with [the Act]." OCGA § 21-5-6 (b) (1). The Commission has the duty to "determine whether the required statements and reports have been filed and, if so, whether they conform to the requirements of [the Act]." OCGA § 21-5-6 (b) (8). The Commission has the further duty to "issue orders, after the completion of appropriate proceedings, directing compliance with [the Act] or prohibiting the actual or threatened commission of any conduct constituting a violation [of the Act]." OCGA § 21-5-6 (b) (14). The Attorney General may "bring an action in the superior court in the name of the commission for a temporary restraining order or other injunctive relief or for civil penalties assessed against any person violating any provision of [the Act] or any rule or regulation duly issued by the commission." OCGA § 21-5-6 (b) (14) (C) (iii). Likewise, the Commission is empowered to "petition the superior court within the county where the hearing was or is being conducted for the enforcement of any order issued in connection with such hearing[.]" OCGA § 21-5-6 (b) (16).

"In any action brought by the Attorney General to enforce any of the provisions of [the Act] or of any rule or regulation issued by the commission, the judgment, if in favor of the commission *shall provide* that the defendant [or respondent] pay to the commission the costs, including reasonable attorneys' fees, incurred by the commission in the prosecution of such action[.]" (Emphasis supplied.) OCGA § 21-5-6 (b) (14) (C) (v). In our view, the superior court erred in concluding that respondent's good faith in this case precluded an award of attor-

ney fees to the Commission in its successful enforcement action, especially since the submission failed to comply with OCGA § 21-5-34 (b) (1) (A) and (b) (2). The time to demonstrate one's utmost good faith in complying with the Ethics in Government Act is during the administrative process in the first instance.

"In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art. . . ." OCGA § 1-3-1 (b). "In view of the evils which it is probable the legislature had in view as a possible result [of a candidate's failure to disclose campaign contributions in a uniform manner, easily understood by the public and in view of the need to induce timely, full, and voluntary compliance with the reporting requirements of the Ethics in Government Act], it can scarcely be doubted that by the use of the word 'shall' a legislative mandate, and not a mere permission, was imported into [the enforcement provisions of the Act at OCGA § 21-5-6 (b) (14) (C) (v)]. Besides, in its ordinary signification 'shall' is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission." *Garrison v. Perkins*, 137 Ga. 744, 755 (74 SE 541). In the case sub judice, the superior court granted summary judgment (in the nature of a mandatory injunction) in favor of the Commission ordering respondent to comply with the procedural requirements of the Ethics in Government Act. Consequently, under the plain language of this Code section, the superior court's judgment "in favor of the commission [should have] provide[d] that the defendant[, respondent here,] pay to the commission the costs, including reasonable attorneys' fees, incurred by the commission in the prosecution of [this enforcement] action." OCGA § 21-5-6 (b) (14) (C) (v).

2. Nevertheless, respondent contends the denial of attorney fees was appropriate in this case because the Commission adduced no evidence at the hearing in support of its motion. We disagree.

The first affidavit of Julia Gonzalez in support of the Commission's motion for attorney fees has been filed of record since June 23, 1995. Consequently, the conclusion of the superior court that, because the Commission tendered no additional evidence, there is no evidence in support of the motion is clearly erroneous. The $75 hourly rate charged by the Assistant Attorney General and the 74 hours she devoted over the course of a year to respondent's counterclaims and the discovery he propounded are manifestly reasonable, since "[t]his matter could have ended [before litigation commenced] had Respondent [simply] agreed to file [his amendments on] the form provided to him by the State Ethics Commission." There is no evidence of record to rebut the reasonableness of the hourly rate or the time spent as a result of respondent's obduracy. Compare *Hershiser v. Yorkshire Condominium Assn.*, 201 Ga. App. 185, 186 (2) (410 SE2d

455) (mere proof of time actually spent does not necessarily prove the reasonableness of claimed attorney fees). Consequently, we reverse the denial of OCGA § 21-5-6 (b) (14) (C) (v) attorney fees in this enforcement action. The case is remanded with direction to enter an award of attorney fees in the amount of $5,550, "incurred in the [successful] prosecution of this enforcement action and in defending the counterclaims asserted by the Respondent."

*Judgment reversed and remanded with direction. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996 —
RECONSIDERATION DENIED NOVEMBER 20, 1996 —

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General, Julia M. Gonzalez, Assistant Attorney General*, for appellant.

*Sawyer & Sawyer, Horace K. Sawyer III*, for appellee.