### A98A1533. ALLEN v. CITY OF ATLANTA et al.
(510 SE2d 64)

POPE, Presiding Judge.

Atlanta Police Officer Kenneth Allen and two other officers were on duty in Gilliam Park where there had been complaints of drug use and prostitution. They approached a parked Jeep with two people in it. The officers identified themselves as police and Allen saw that the vehicle's steering column was broken. The people sitting in the vehicle ignored the officers' orders to get out of the Jeep. The person sitting in the driver's seat started the vehicle and drove toward Allen. As the vehicle came at him, Allen fired a shot from his gun into the driver's side window. The shot hit the driver and grazed the person sitting in the passenger seat. When the Jeep stopped, the police found cocaine in it and determined that the vehicle had been stolen.

Based on the incident, the Atlanta Police Department charged Allen with violating the department's employee work rule 6.09 (e), which provides: "A firearm shall not be discharged if the lives of innocent persons may be in danger." After a hearing on the charge, the department suspended Allen for three days without pay, finding that he violated rule 6.09 (e) by firing his gun and wounding the innocent passenger. Allen appealed his suspension to the Atlanta Civil Service Board, which upheld the suspension. He then filed a petition for writ of certiorari in superior court. The court denied the petition. We granted Allen's application for discretionary review.

Allen asserts that rule 6.09 (e) is unenforceable because it is in conflict with Georgia's self-defense and arrest statutes. We agree. The self-defense statute provides: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony." OCGA § 16-3-21 (a). That statute further mandates: "Any rule, regulation, or policy of any agency of the state or any ordinance, resolution, rule, regulation, or policy of any county, municipality, or other political subdivision of the state which is in conflict with this Code section shall be null, void, and of no force and effect." OCGA § 16-3-21 (c).

Additionally, the state's arrest statute provides that police officers "may use deadly force to apprehend a suspected felon only when the officer reasonably believes that the suspect possesses a deadly weapon or any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury; when the officer reasonably believes that the suspect poses an immediate threat of physical violence to the officer or others; or when there is probable cause to believe that the suspect has committed a crime involving the infliction or threatened infliction of serious physical harm." OCGA § 17-4-20 (b). The arrest statute furthers states: "No law enforcement agency of this state or of any political subdivision of this state shall adopt or promulgate any rule, regulation, or policy which prohibits a peace officer from using that degree of force to apprehend a suspected felon which is allowed by the statutory and case law of this state." OCGA § 17-4-20 (d).

In construing these statutes, we must give all words their ordinary meaning. See *Griffin-Spalding County School System v. Daniel*, 215 Ga. App. 567, 568 (1) (451 SE2d 480) (1994). So construed, neither the self-defense statute nor the arrest statute automatically prohibits the discharge of a firearm if the lives of innocent people may be in danger. The Atlanta Police Department's rule 6.09 (e), however, creates such a mandatory prohibition. The trial court concluded that rule 6.09 (e) does not create a mandatory prohibition in conflict with OCGA §§ 16-3-21 and 17-4-20, but instead merely "contemplates the officer's exercise of good judgment and restraint in discharging his weapon unless necessity dictates as a matter of last resort." We disagree with the court's conclusion.

The plain language of rule 6.09 (e) provides that a "firearm *shall* not be discharged if the lives of innocent persons may be in danger." (Emphasis supplied.) In its ordinary signification, "shall" is a word of command. *State Ethics Comm. v. Long*, 223 Ga. App. 621, 626 (1) (478 SE2d 618) (1996). Thus, the language of rule 6.09 (e) is mandatory and, contrary to the trial court's conclusion, does not allow for any exercise of judgment by an officer faced with a self-defense or arrest situation in which the discharge of a gun might endanger innocent bystanders. In such a situation, rule 6.09 (e) commands an officer not to discharge his or her firearm. In fact, at the hearing before the Civil Service Review Board, the Atlanta Police Department argued that rule 6.09 (e) "requires that if there is an innocent bystander . . . the Officer is forced to use fire restraint and not fire, under the work rule. It's not an easy circumstance, but the City believes that you simply shouldn't fire." Such a mandatory prohibition against an officer's use of a gun in self-defense or in the execution of an arrest, when circumstances would otherwise authorize the use of a gun, is in conflict with OCGA §§ 16-3-21 and 17-4-20.

Accordingly, the mandatory prohibition set forth in rule 6.09 (e) cannot stand. See *Ga. Hosp. Assn. v. Ledbetter*, 260 Ga. 477, 479 (4) (396 SE2d 488) (1990). See also OCGA §§ 16-3-21 (c) and 17-4-20 (d).

We note that the purpose of rule 6.09 (e) — to ensure the safety of innocent bystanders — is not in conflict with the self-defense and arrest statutes. Rather, it is the mandatory language of the rule that is problematic. The safety of innocent bystanders is perhaps the primary concern for any police officer faced with the decision of what degree of force to use when acting in self-defense or carrying out an arrest. But under state law the presence of a bystander at a crime or arrest scene does not override all other considerations and automatically require that an officer not use deadly force, including the discharge of a weapon. Conversely, the mandatory language of rule 6.09 (e) would lead to such a result. Such a requirement contravenes not only state law, but the Department of Public Safety's own firearms policy.

That policy provides: "It is the primary intention of this policy to ensure the safety of both the public and the employees of this department. Therefore, while it may become necessary for an employee to discharge a firearm, it is required that the employee first make every effort to avoid such drastic action. In all cases, only the given amount of force shall be used which is consistent with the accomplishment of a mission. The employee shall use caution and act in a calm and deliberate manner when he/she finds the use of a firearm necessary. No employee will be criticized if he/she chooses not to discharge a firearm if the discharge might threaten the life or safety of another or if the discharge might not be clearly warranted by this policy, state law, or reasonable judgment. Nor will criticism be made of an employee who when faced with a situation which threatened life or serious physical injury, discharged a firearm in self defense or in the defense of another. Employees are reminded that use of deadly force cannot be taken lightly and that the employee's actions in its use must not only be legally warranted and defensible but also within accepted moral and social codes and consistent with rational and human social control in a democracy."

This policy, like the self-defense and arrest statutes, contemplates the varied circumstances in which an officer may be forced to decide whether to use a gun and the broad judgment an officer must exercise in reaching that decision. Rule 6.09 (e) improperly eliminates that judgment in any situation where innocent persons might be endangered by the firing of a gun. Because rule 6.09 (e) is invalid due to its contravention of state law, not to mention its conflict with the Department of Public Safety's own policy, the suspension of Allen based on the charged violation of that rule cannot stand.

*Judgment reversed. Beasley and Ruffin, JJ., concur.*

DECIDED DECEMBER 1, 1998.

*Grady K. Dukes,* for appellant.

*Clifford E. Hardwick IV, Rolesia B. Dancy, Overtis H. Brantley,* for appellees.