## 50282. JAMES PAIR, INC. v. GENTRY.

DEEN, Presiding Judge.

The plaintiff Gentry applied to James Pair, Inc. to procure a fee-paid job as clerk-typist. She was sent for two job interviews which were to be all or partly employer-paid, but was not hired. She was then told by the defendant's employment counselor to go to Pendley Brothers and speak to Mr. or Mrs. Kubatzky, and informed that "applicant pays fee. [Employer] will refund in six months." Mrs. Kubatzky, who interviewed her for Pendley, informed her to the same effect. She accepted the

job at $135 per week, signed a monthly instalment note for $500 to the employment agency, worked two months and made two payments on the note totaling $163.80; then after receiving certain information called the home office of Pendley Brothers and was informed that Mrs. Kubatzky had no authority to agree to a refund of the job placement fee and that the employer would not do so. Plaintiff contacted James Pair, Inc., was told that her contract was with them, not the employer, and that she owed the full amount of the note. The plaintiff then quit the job and sued for recovery of the $163.80. The employment agency countersued for the remainder of the face amount of the note plus attorney fees. The court, sitting without a jury, entered judgment for the plaintiff. *Held:*

1. The employment agency does not have the rights of a holder in due course. In the first place, under Code Ann. § 109A-3—302(1) the holder, whether or not a payee, must take without notice of any defense against the instrument. Under the undisputed evidence here, the agreement between the agency, the employer's (disavowed) agent and the plaintiff was that if the plaintiff worked for six months her job placement fee would be refunded. This was an understanding a breach of which would operate as a defense. Secondly, even a holder in due course does not take the instrument free from defenses except those of "any party to the instrument with whom the holder has not dealt." Code Ann. § 109A-3—305(2). Obviously the parties dealt with each other in the transaction out of which this cause of action arose.

2. It is contended, however, that the plaintiff is in effect pleading failure of consideration, and that this is not available to her because under Code Ann. § 109A-3—408 "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." But the Code section continues: "Nothing in this section shall be taken to displace any statute outside this Act under which a promise is enforceable notwithstanding lack or failure of consideration." As pointed out in Anderson, Uniform Commercial Code, Vol. 2, 2d Ed. § 3-408:7: "Code

§ 3-408 governs only the liability of a party on commercial paper. It does not purport to regulate agreements which may be entered into collaterally with the execution of commercial paper. Whether consideration is required for such other agreements and whether it exists will be determined by pre-Code principles which continue in force because not displaced." The actual purpose of this sentence is to do away with the necessity for a new consideration, as e.g. where a note signed by one is renewed by a substituted note signed by the original payor and others. Code Ann. § 109A-1—103 provides: "Unless displaced by the particular provisions of this Act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, *principal and agent,* estoppel, *fraud, misrepresentation,* duress, coercion, *mistake,* bankruptcy, or other validating or invalidating cause shall supplement its provisions." (Emphasis supplied.)

3. Taking the evidence most favorable to the judgment of the trial court, this plaintiff informed the employment agency that she wanted only a job where the placement fee would be paid by the employer. The employer sent her to two such job interviews, where she was unsuccessful. The employer then sent her to the present one, advising her that the fee would have to be paid by her in the first instance subject to refund by the employer after she had worked for six months. The employer discussed the situation and advised her to the same effect. She took the job, and went back and signed the note in question on the understanding between all parties that the money would be refunded. Thereafter, the employer's home office reneged on the repayment provision, and plaintiff, when she found she had been "had" terminated her employment. Notwithstanding this, the agency insists that it is entitled to the entire face value of the fee note because the obligation was incurred at the time plaintiff accepted the job and prior to the time the note was signed. This at most creates a fact issue. The trial judge had ample evidence on which to base her finding that, whether due to mistake, misrepresentation or other cause, she was induced to interview the employer, accept the job, and sign the note on the understanding

that the money would be refunded.
   *Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED FEBRUARY 25, 1975 — DECIDED APRIL 17, 1975 — REHEARING DENIED MAY 9, 1975.

*Talley Kirkland,* for appellant.
*Carl A. Veline, Jr.,* for appellee.