## 53822. BOWMAN v. McDONOUGH REALTY COMPANY, INC.

McMURRAY, Judge.

This is a suit on a note. Plaintiff and its employee, Tom Shedd, acted as real estate broker and agent in the sale and purchase of certain real estate. Defendant was the purchaser of the real estate and signed the note in question, which is payable to plaintiff.

Defendant failed to make an installment payment due under the note. Plaintiff mailed to defendant a letter demanding payment, declaring the entire indebtedness due and payable according to the provisions in the note, and demanded payment within 10 days in order to avoid attorney fees. No payment was made and plaintiff filed this suit. Defendant answered, raising defenses of non est factum, failure to state a claim upon which relief can be granted, no consideration and fraud. The allegations of fraud were incorporated in the defendant's counterclaim. The plaintiff moved for summary judgment which was granted, and defendant appeals. *Held:*

1. Plaintiff's motion to dismiss the appeal of defendant on the grounds that he has failed to file briefs and enumerations of error as required by our Rule 14 (a), Code Ann. § 24-3614 and Rule 16, Code Ann. § 24-3616, is denied. Defendant has not failed to comply with an order of this court directing the filing of enumerations of error

and brief. *Durham v. Stand-by Labor of Ga., Inc.,* 230 Ga. 558, 560 (198 SE2d 145).

2. Defendant contends that testimony he gave in his deposition presents sufficient evidence to pierce the allegations of plaintiff's complaint. Defendant testified that seller was obligated to pay the commission due plaintiff; that he had not agreed to pay the commission due plaintiff, but that the note was in fact payment of that commission. He further testified that the purchase price of the real estate was misrepresented to him in that Mr. Shedd represented the purchase price to be $173,000 and that Mr. Shedd signed the contract on behalf of defendant in the amount of $181,000.

Defendant's testimony also shows that he was given credit for the amount of the note payable to plaintiff in the computation of the sums which he paid to the seller of the real property so that the total amount paid by plaintiff for the real estate is that to which he agreed in the purchase agreement. The note payable to plaintiff is merely a reflection of the method chosen by the parties for the payment of the agreed amount for the real estate and does not reflect payment by the defendant of any sums in excess of the figure he agreed to pay for the property.

Defendant also testified that he agreed to and accepted the $181,000 purchase price as opposed to the $173,000 purchase price by signing in approval the sales purchase agreement with the price stated thereon.

The uncontested evidence here shows the note was executed as a part of a real estate sale and same was a part of the consideration paid for the real property. The consideration for the execution of a note by one as maker may flow to a person other than the maker. *National City Bank v. Whittier,* 41 Ga. App. 221 (1) (152 SE 305); *Brazell v. Hearn,* 33 Ga. App. 490 (1) (127 SE 479); *Venable v. Payne,* 138 Ga. App. 237, 238 (5) (225 SE2d 716). However, in this instance the maker received credit on the purchase price for paying the real estate commission by note. If there be a legal consideration for a real estate sale, the courts of this state will not inquire into the adequacy of the consideration and "make a bargain for the parties." *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500 (2) (97 SE 66). See also *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735); *Burdine v.*

*Brooks,* 206 Ga. 12 (55 SE2d 605); *Strickland v. Davis,* 184 Ga. 76 (190 SE 586); *Whitehead v. Dillard,* 178 Ga. 714, 716 (174 SE 244); *Ernest v. Merritt,* 107 Ga. 61 (3) (32 SE 898). Only equity will interfere if there be gross inadequacy of consideration so as to amount to fraud, or great mental disparity. *Burdine v. Brooks,* 206 Ga. 12, 18, supra; *Harrell v. Wilson,* 233 Ga. 899, 902 (213 SE2d 871). This is strictly a law case, and no equity jurisdiction is involved.

Defendant having admitted the genuineness of his signature upon the note in question, and the defenses raised in defendant's answer being unsupported by the uncontroverted evidence, the court did not err in granting summary judgment as to the principal amount, together with accrued interest. Code Ann. § 109A-3—307 (2) (Ga. L. 1962, pp. 156, 256); *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767, 768 (189 SE2d 108); *Colodny v. Dominion Mtg. &c. Realty Trust,* 141 Ga. App. 139, 141 (1) (232 SE2d 601). However, there was no evidence offered on motion for summary judgment that the provisions concerning attorney fees required under the terms of said note had been complied with. *Strickland v. C. & S. Nat. Bank,* 137 Ga. App. 538, 541 (3) (224 SE2d 504). Hence, the court was in error in granting summary judgment as to the attorney fees. Judgment is accordingly affirmed on condition that plaintiff write off the attorney fees in the amount of $2,174.76; otherwise, the entire judgment be reversed.

*Judgment affirmed with direction, otherwise reversed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 2, 1977 — DECIDED JULY 14, 1977 — REHEARING DENIED JULY 29, 1977.

*J. Laddie Boatright,* for appellant.
*Smith & Welch, A. J. Welch, Jr., Rod Meadows,* for appellee.