## 61138. DAVIDSON v. CITIZENS & SOUTHERN NATIONAL BANK.

McMurray, Presiding Judge.

This is a suit on a note. Defendant answered, denying plaintiff's claim, and counterclaimed alleging that the plaintiff had failed to honor certain obligations to defendant. Defendant subsequently twice amended his answer and counterclaim so as to set forth 17 defenses and 11 separate counts of defendant's counterclaim. Extensive discovery ensued as did plaintiff's motion for summary judgment. Plaintiff's motion for summary judgment was granted, and defendant appeals. *Held:*

1. The note in question in the amount of $1,460,791.01, dated December 27, 1976, and under the terms set forth in the note, was payable 365 days after that date. Defendant, although acknowledging his signature of the note, has testified in discovery that the note was blank at the time he signed the form and that the amount thereof and terms of repayment were filled in by the plaintiff bank without authority, contrary to the agreement of the parties.

Defendant's position is that both the amount and the terms of payment of the note were incorrect. The bank has presented uncontroverted evidence that the note in question is a renewal of prior loans in an amount equal to the principal amount of the note so as to remove any question of fact as to the amount involved.

As to the terms of payment, defendant contends that there was an agreement between himself and the bank under which the bank would continue to renew the loan (which consisted of money invested in real estate ventures) until such time as the assets of the ventures in which the money had been invested were disposed of by sale. Defendant states that, therefore, the provision of the note setting forth the 365 day repayment period was not authorized under his agreement with the plaintiff and was fraudulently entered upon the blank note which he had signed.

Defendant relies upon the provisions of Code Ann. § 109A-3—407 (Ga. L. 1962, pp. 156, 259), which provides that a fraudulent and material alteration of an instrument by the holder discharges any party whose contract is thereby changed. See Code Ann. § 109A-3—407 (2) (a), supra.

Plaintiff, while denying defendant's allegations as to a fraudulent alteration, relied upon further provisions of Code Ann. § 109A-3—407 (2) (a), supra, that where the party whose contract is thereby changed assents to the alteration there is no discharge. Plaintiff contends that various documents within the record amount to an assent by the defendant to the alteration. Although some of

these documents, as pointed out by the defendant, were arguably made in the course of settlement negotiations, such categorization is inapplicable to defendant's financial statement dated September, 1977, and signed by the defendant. This financial statement acknowledges the 12 month term of the $1,460,791.09 loan from plaintiff. This acknowledgment of the terms of the note as completed must be viewed as an assent sufficient to prevent discharge of defendant's debt. Compare *Cochran v. Eason,* 227 Ga. 316, 317-319 (1) (180 SE2d 702).

2. The scenario which defendant seeks to develop in regard to the plaintiff bank during the early and mid-1970's is that prior to the recession and real estate depression of that period the plaintiff bank was so heavily engaged in its lending activities as to be over extended. Defendant seeks to show that prior to the so-called "credit crunch" of the mid-1970's, funds were being loaned to him on a signature basis oftentimes without collateral for various real estate ventures and plaintiff bank had repeatedly promised to renew these loans until such time as the underlying properties could be developed and sold. However, defendant's testimony is that when the plaintiff became concerned about its financial position and exposure it ceased to make any further loans and failed to honor its promises to renew outstanding loans to the defendant, resulting in defendant being compelled to dispose of his assets at forced sale prices or forfeit his interest in various ventures, resulting in substantial losses to the defendant. Defendant seeks to assert not only his alleged contractual rights; he also alleges that he was fraudulently misled by the plaintiff.

3. Defendant's signature having been admitted and as discussed in Division 1 as to the claimed discharge of defendant by alteration, the provisions of Code Ann. § 109A-3—407 (2) (a), supra, being inappropriate, the burden of establishing his defenses rests with the defendant. Code Ann. § 109A-3—307 (2) (Ga. L. 1962, pp. 156, 256); *Bowman v. McDonough Realty Co.,* 143 Ga. App. 128, 130 (237 SE2d 647). As to the counterclaims which rest on the contractual claims, allegations of negligence and of fraud, the burden of proof likewise rests with the defendant.

4. Defendant contends that there were breaches of previous agreements to renew other existing loans or make additional loans for the purpose of financing various real estate ventures. None of the alleged contracts for various loans provides all of the terms necessary to constitute a binding contract to make a loan. Even though defendant's testimony as to a maturity arrangement based on the sale of the real estate ventures may be viewed as a blanket statement applying to these loans, there is a deficiency in the lack of evidence of the terms regarding the rate of interest and amount of the loans. See

in this regard such cases as *Dolanson Co. v. C. & S. Nat. Bank,* 242 Ga. 681, 682 (1a) (251 SE2d 274); *Bonner v. Wachovia Mtg. Co.,* 142 Ga. App. 748, 750 (1) (236 SE2d 877).

Under cover of a letter dated October 24, 1977, defendant's attorney, at defendant's request, delivered to plaintiff an assignment of certain property as additional collateral and security for payment of the indebtedness evidenced by the note upon which the case sub judice is predicated. Both parties seek to simultaneously rely on those aspects of the collateral assignment transaction which are favorable to their positions while seeking to avoid the impact of that transaction upon issues unfavorable to them. The defendant seeks to rely upon language in the cover letter which is evidence of an agreement between the parties to renew the note in question while at the same time seeking to avoid consideration of the admissions made in that letter and accompanying assignment of collateral in relation to the issue of his assent to the terms of the note. Plaintiff seeks to assert the collateral assignment as evidence of defendant's assent to the terms of the note as completed while avoiding the conditional language of the cover letter.

The cover letter in question provides in part that "It is Charlie's [defendant's] understanding that when his Note comes due on December 27, 1977 it will be renewed at an interest rate equivalent to C&S's prime commercial rate. Your acceptance of the enclosed Collateral Assignment shall constitute affirmation of C&S's agreement to renew the Note as aforesaid." Defendant's evidence is that the collateral assignment was accepted so that the conditions of the transmittal letter became operative. Plaintiff denied this, arguing that the terms of the purported renewal agreement are vague and not sufficiently specific enough to support a binding contract. As the letter referred to renewal of the previous note that note supplies the information as to the amount of the loan and the letter itself specifies the rate of interest as plaintiff's prime commercial rate. As to the date of the maturity of the purported renewal agreement this term is absent from the written offer. However, this missing term is supplied by defendant's testimony that this loan as well as others was to mature as the properties of the underlying real estate ventures were sold. *Tanner v. Tinsley,* 152 Ga. App. 330, 331 (2) (262 SE2d 602). The terms of a written agreement (such as the note in question) may be modified or changed by a subsequent parol agreement between the parties, where such agreement is founded on a sufficient consideration (such as the assignment of additional collateral). *Ryder Truck Lines v. Scott,* 129 Ga. App. 871, 873 (3) (201 SE2d 672).

Issues of material fact remain for the jury as to the nature of the collateral assignment transaction. Some evidence has been presented

that the assignment of additional collateral was delivered pursuant to an agreement which modified the terms of the note upon which this action is predicated. It is for the jury to determine whether there was a meeting of the minds as to such alleged modified agreement and, if so, to determine whether the conduct of the plaintiff constituted a breach of that agreement.

Generally, an action for fraud may not be predicated upon breach of a promise as to future conduct. *Craft v. Drake,* 244 Ga. 406, 408 (260 SE2d 475); *Patterson v. Professional Resources, Inc.,* 242 Ga. 459, 461 (5) (249 SE2d 248). However, a crucial exception exists to the general rule where the promissor has at the time of making the promise knowledge that he has no intention of honoring the promise. In such a case a present misrepresentation occurs. *Georgia Real Estate Comm. v. James,* 152 Ga. App. 193, 195-196 (262 SE2d 531). Here there is evidence that plaintiff's economic circumstances were such that the promises to make renewal and additional loans, which for summary judgment purposes we must consider as having been made to defendant by plaintiff, were made with knowledge by plaintiff that economic circumstances would not permit such loans to be actually made. Although there is evidence that defendant during some periods recognized these difficulties of the bank and could not have reasonably relied on such promises, there is also evidence relating to other periods of time and portions of the transactions between plaintiff and defendant in regard to which it might be determined by the finder of fact that defendant could have reasonably relied upon such representations. Defendant has also presented evidence as to the remaining elements of the cause of action for fraud, and issues of material fact remain for the jury as to this issue also.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED MAY 19, 1981 —
REHEARING DENIED JUNE 19, 1981 ▮▮▮▮▮▮▮▮

*Leon L. Rice, John L. Taylor, Jr., Otto F. Feil III, Jones Webb,* for appellant.
*Ben F. Johnson III, Franklin R. Nix,* for appellee.