## 65533. HARBAGE v. DOLLAR FARM PRODUCTS COMPANY, INC.

SOGNIER, Judge.

Dollar Farm Products Company (Dollar) sued David Harbage seeking judgment on a note and attorney fees. Harbage filed an answer denying indebtedness. Dollar moved for summary judgment and supported its motion by an affidavit proving the note and notice of attorney fees. Harbage filed a counter-affidavit and admitted signing the note but stated that "at the time of said signing no amount or due date was shown on the document." Dollar filed two additional affidavits stating that the amount and due date were included in the

note at the time of signing. The trial court granted Dollar's motion for summary judgment and Harbage appeals.

Appellant contends that the trial court erred in granting summary judgment because there are questions of fact remaining with regard to the terms of the note. We recognize that there appears to be a conflict in the facts and that every inference must be resolved against the movant and in favor of the respondent on summary judgment. *Hartrampf v. Citizens &c. Realty Investors,* 157 Ga. App. 879 (278 SE2d 750) (1981). However, appellant admitted his signature on the note and the only question remaining is whether appellant carried his burden of establishing a viable defense. OCGA § 11-3-307 (Code Ann. § 109A-3—307); *Davidson v. Citizens &c. Nat. Bank,* 158 Ga. App. 868 (282 SE2d 355) (1981); *Tyson v. Henson,* 159 Ga. App. 684 (285 SE2d 27) (1981).

A note delivered and signed but incomplete is enforceable when complete. The note here was completed and must be controverted on the basis that the completion was unauthorized. OCGA § 11-3-115 (Code Ann. § 109A-3—115) provides: "(1) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed.

"(2) If the completion is unauthorized the rules as to material alteration apply (Code Section 11-3-407 (Code Ann. § 109A-3—407)), even though the paper was not delivered by the maker or drawer; but the *burden of establishing that any completion is unauthorized is on the party so asserting.*" (Emphasis supplied.)

Nowhere in his affidavit nor elsewhere in the pleading does appellant contend or assert that the completion of the note was unauthorized. *Davidson v. Citizens &c. Nat. Bank,* supra. Thus, no viable defense having been established, appellee is entitled as a matter of law to recover on the note. *Cox v. Farmers Bank,* 159 Ga. App. 148, 150 (282 SE2d 762) (1981). Summary judgment was correctly granted in favor of appellee.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 9, 1983.

*Ronnie Joe Lane,* for appellant.
*George C. Floyd,* for appellee.