## 67650. TRAMMELL v. FARMERS & MERCHANTS BANK OF SUMMERVILLE.

BANKE, Judge.

The plaintiff brought this action to recover $8,000 which the defendant bank debited from her account to cover a check which she had written. She alleges that the debit of the funds from her account was unauthorized because the signature of one of the payees was forged. This appeal follows the grant of the bank's motion for summary judgment and the denial of the plaintiff's motion for judgment on the pleadings.

The check in question was drawn payable jointly to David and Janet Waters, in payment for a real estate purchase. David presented the plaintiff's check at the defendant bank, receiving in payment a cashier's check in the same amount made payable to "David or Janet Waters." At the time of these transactions, David and Janet Waters were estranged pending a divorce. It is undisputed that Janet Waters did not endorse the check drawn by the plaintiff and that her signature appearing on the check was forged. It is also undisputed that she did not share in the proceeds.

In her affidavit, the plaintiff states that she became aware of the forged endorsement three months after issuing the check, at which time she orally relayed the information to Mr. Hill, the bank's executive vice-president. She further states that she reported the forged endorsement to Arch Farrar, Sr., a local attorney who does work for the bank on a fee basis. Arch Farrar, Jr., of the same firm, represents the bank in this appeal, as he did in the court below. Both Hill and Arch Farrar, Sr., deny receiving such oral notifications. It is, however, undisputed that the plaintiff did notify the bank of the forgery in writing some 17 months after receiving her bank statement containing the cancelled check in question. *Held*:

1. Pursuant to OCGA § 11-3-116, "[a]n instrument payable to the order of two or more persons . . . [i]f not in the alternative is payable to all of them and may be negotiated, discharged, or enforced only by all of them." See *Trust Co. of Columbus v. Refrigeration Supplies*, 241 Ga. 406 (246 SE2d 282) (1978). "In general, the drawee bank is strictly liable to its customer for payment of either a forged check [referring to a forged signature of a drawer] or a check contain-

ing a forged endorsement." Perini Corp. v. First Nat. Bank of Habersham County, 553 F2d 398 (5th Cir. 1977). However, OCGA § 11-4-406 (4) provides that "[w]ithout regard to care or lack of care of either the customer or the bank: . . . (b) A customer who does not within one year from the time the statement and items are made available to the customer . . . discover and report any alteration on the back of the item or any unauthorized indorsement is precluded from asserting against the bank such alteration or unauthorized indorsement."

The defendant argues that the word "report" must be read as a noun rather than a verb and that a written report is required within the period of limitation. This is clearly without merit. The conjunctive use of the words "discover and report" clearly indicate that both are verbs. The statute contains no language either prescribing or proscribing the form in which the notification called for therein is to be made. Whether or not the plaintiff reported the forged endorsement to Mr. Hill within the time allowed is a material issue which is in dispute. It follows that the trial court erred in its grant of summary judgment for the defendant.

In support of her motion for judgment on the pleadings, the plaintiff argues that no notification is required where the forged instrument is exchanged for a cashier's check in the same amount, as was done in this case. There being no support in law or logic for such a proposition, the trial court did not err in denying the motion.

2. The plaintiff has moved to exclude three depositions from the record on appeal. After judgment was entered in the case, it was discovered that the depositions in question had not been filed. The trial court then ordered the depositions included in the record after a hearing held under the provisions of OCGA § 5-6-41 (f). It is clear from the record that the depositions were available to and relied upon by the parties and were considered by the trial court in its judgment. This being the case, the motion to exclude them is denied.

*Judgment reversed in part and affirmed in part. Shulman, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1984.

*Barry V. Smith*, for appellant.
*Archibald A. Farrar, Jr.*, for appellee.