## 70887. CAVENAUGH v. PEACHTREE BANK & TRUST COMPANY.
### (334 SE2d 730)

Pope, Judge.

Appellant Shirley Cavenaugh filed a suit against appellee Peachtree Bank and Trust Company asking that her endorsement on a promissory note from Tara Brokers, Inc. to Peachtree Bank dated September 20, 1982 be declared null and void. Peachtree Bank brought a counterclaim to recover the amount due on the promissory note executed by Tara Brokers and guaranteed by Mrs. Cavenaugh. The trial court granted Peachtree Bank's motion for summary judgment on Mrs. Cavenaugh's complaint and on its counterclaim. Mrs. Cavenaugh appeals.

The evidence shows that on August 19, 1982 Mrs. Cavenaugh signed a "Guaranty of Payment" guaranteeing the present and future indebtedness of Tara Brokers to Peachtree Bank up to $10,000. On the following day, Tara Brokers executed a $10,000 promissory note in favor of Peachtree Bank that was due on September 20, 1982. On September 20, Tara Brokers executed another promissory note in satisfaction of the prior note. The second note was due December 31, 1982. Mrs. Cavenaugh was not notified of this second transaction. When Tara Brokers defaulted on the second note, Peachtree Bank demanded Mrs. Cavenaugh pay the outstanding balance due. *Held*:

1. The trial court did not err in granting summary judgment in favor of Peachtree Bank as to the complaint. The evidence clearly shows that the September 20 promissory note does not contain Mrs. Cavenaugh's signature. The note was only signed by Mrs. Cavenaugh's husband and Joyce Trimble. Therefore, no genuine issue as to any material fact existed as to Mrs. Cavenaugh's complaint.

2. The evidence is undisputed that Mrs. Cavenaugh signed the guaranty thus obligating herself to pay the amount due upon default by Tara Brokers. Therefore, unless Mrs. Cavenaugh has established a viable defense, she is liable for the amount due under the promissory note. See OCGA § 11-3-307 (2). Mrs. Cavenaugh alleges that the written portions of the "Guaranty of Payment" were not filled in at the time she signed the guaranty, and thus she is not obligated to pay. OCGA § 11-3-115 provides: "(1) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed. (2) If the completion is unauthorized the rules as to material alteration apply . . . even though the paper was not delivered by the maker or drawer; but the burden of establishing that any completion is unauthorized is on the party so asserting." In *Harbage v. Dollar Farm Prods. Co.*, 166 Ga.

App. 561 (305 SE2d 25) (1983), the appellant admitted his signature on a note which contained no amount or due date at the time he signed it. This court held that because the appellant failed to contend or assert that the completion of the note was unauthorized, summary judgment in the appellee's favor was proper. In the case at bar, Mrs. Cavenaugh has not contended or asserted that the completion of the "Guaranty of Payment" was unauthorized.

Mrs. Cavenaugh also asserts that Peachtree Bank had no authority to renew or extend the indebtedness of Tara Brokers and, thus, her guaranty. The evidence clearly indicates that Peachtree Bank had the authority to extend Tara Broker's time to pay its debt. The guaranty signed by Mrs. Cavenaugh expressly provided for such authority "without notifying the undersigned or obtaining his consent thereto and without in any way affecting his liability under this Guaranty." See generally *Union Commerce Leasing Corp. v. Beef 'N Burgundy*, 155 Ga. App. 257 (3) (270 SE2d 696) (1980). Therefore, summary judgment granted in Peachtree Bank's favor as to the counterclaim was proper.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 5, 1985.

Shirley Cavenaugh, *pro se.*
*Walter G. Elliott II,* for appellee.