### 70761. SELLERS v. CITIZENS & SOUTHERN NATIONAL BANK et al.

(338 SE2d 480)

McMURRAY, Presiding Judge.

This is a suit on a note. In 1973 defendant, an attorney, performed legal services for a group of real estate developers. The real estate developers acquired certain undeveloped land (intending to build apartments thereon) borrowing in excess of $200,000 to finance the purchase and executing a security deed in favor of their creditor.

In lieu of a fee defendant received a deed conveying a 10% interest in the land held for development. The deed provided that it was given subject to the outstanding security deed "which loan grantee herein assumes and agrees to pay his prorata share of." In 1974 defendant deeded the 10% interest in the property back to the original investors by a deed which contained language substantially similar to that quoted above, providing for assumption of a pro rata share of the indebtedness on the property by the grantees.

Later, the original investors twice borrowed additional sums, which indebtedness was also secured by the land. After economic conditions had changed so as to preclude development of the land and with foreclosure imminent, plaintiff's decedent, one of the original investors, settled with the creditor for a release of the creditor's rights to a deficiency judgment. Another of the original investors solicited a note from defendant for 10% of the amount of the settlement (approximately $50,000). Defendant executed this note which is at issue in the case sub judice.

This action follows defendant's refusal to pay the note, contending that it was executed without any consideration. Upon the trial of the case the jury returned a verdict awarding plaintiff the amount of the note ($5,062.34), plus attorney fees and interest. Defendant appeals. *Held*:

Initially, we note that plaintiff has established its prima facie case, defendant admitting execution of the note. Defendant had presented evidence rebutting the presumption in favor of plaintiff by showing that he received no consideration for execution of the note.

In order to establish the existence of an antecedent obligation, plaintiff relies upon the provisions of the deed to defendant imposing

upon defendant a pro rata share of the indebtedness arising from the acquisition loan. We need not address this contention as any obligation created by this deed was extinguished by the deed from defendant (containing the same assumption of indebtedness language) returning the 10% interest to the original investors. See OCGA § 44-5-39.

Plaintiff suggests three theories supporting a finding of consideration. First, plaintiff relies upon defendant's desire to appease one of the original investors, his friend and client who solicited the note. Although there is evidence that this individual afterwards referred additional real estate business to defendant, there is no evidence of any obligation or promise to do so arising in connection with defendant's execution of the note. "The motive with which a party enters into a contract is no part of its consideration." *Brosseau v. Jacobs' Pharmacy Co.*, 147 Ga. 185 (4) (93 SE 293).

Secondly, plaintiff argues that defendant was under a moral obligation to reimburse plaintiff's decedent. However, a moral obligation alone is not sufficient to provide good consideration. "[F]or a moral obligation to constitute a sufficient consideration to support an express promise, it must be founded upon an antecedent valuable consideration." *Davis & Co. v. Morgan*, 117 Ga. 504, 506 (43 SE 732). See also *Worthington v. Worthington*, 250 Ga. 730, 734 (fn. 6) (301 SE2d 44). As stated above, any antecedent obligation in the case sub judice was extinguished when defendant conveyed the 10% interest in the undeveloped property back to the original investors.

Finally, plaintiff argues that defendant benefitted from his involvement in this transaction and the execution of the note at issue because he was able to take certain tax deductions. However, any tax benefits incident to these transactions were not conferred upon defendant by plaintiff.

Consequently, the note being executed without consideration it is merely nudum pactum and unenforceable. See OCGA §§ 13-3-40 and 11-3-408. *Vanguard Properties Dev. Corp. v. Murphy*, 136 Ga. App. 519 (221 SE2d 691).

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 12, 1985 —
REHEARING DENIED DECEMBER 2, 1985 —

*Fred L. Cavalli*, for appellant.
*Robert B. Hill, Neil S. Morrisroe*, for appellees.