## 76663. SCOTT v. CITIZENS BANK OF AMERICUS.
(373 SE2d 633)

CARLEY, Judge.

In March of 1986, appellant-defendant executed a note in favor of the Bank of Webster (Bank). In April of 1986, the Bank was purchased by appellee-plaintiff. Thereafter, appellant failed to make timely repayment of his March 1986 note. Appellee then filed this action, seeking to recover against appellant on the note. Appellant answered and raised the affirmative defense of failure of consideration. Appellant also filed a counterclaim, seeking damages for abusive litigation, and attorney's fees and expenses pursuant to OCGA § 9-15-14.

Discovery established the following facts: In 1984, state banking examiners determined that the Bank had entered into a number of "criticized loans" and that the continued operation of the Bank should be pursuant to a "memorandum of understanding." Upon subsequently learning that the state bank examiners had not yet discovered the existence of another real estate loan which was in default, the Bank's president and the Bank's loan officer concluded that they would not disclose it. Instead, they devised a plan to remove this defaulted loan from the Bank's books before it was discovered by the state bank examiners. The plan contemplated that appellant, who was a close personal friend of the Bank's president, would execute a promissory note in favor of the Bank, but would not receive any of the funds represented thereby. Instead, the funds would be provided to another who would then use them to purchase the property which secured the defaulted loan. The president and the loan officer of the Bank acknowledged that their plan was to create a "paper trail" and to use appellant "as sort of a strawman, third party, just as somebody to sign the notes and create the documents to satisfy banking requirements." Although the bank officers both thought that appellant un-

derstood what their plan entailed, appellant himself denied that he ever had knowledge of the specifics of the plan. It is undisputed, however, that appellant did execute the note in favor of the Bank and that the plan was initiated. Although appellant had been told that the Bank's president would repay the note within several weeks, no repayment was made. The March 1986 note which appellant had executed in favor of the Bank was a renewal note.

After discovery had established these facts, cross-motions for summary judgment were filed. The trial court granted summary judgment in favor of appellee and denied appellant's motion. Appellant appeals from the trial court's order on the cross-motions for summary judgment.

1. It is undisputed that appellant never received any of the proceeds represented by the note and that, in signing the note, appellant was intending only to perform a favor for the Bank's president. Appellant urges that this establishes the viability of his defense of failure of consideration, and that the trial court therefore erred in denying his motion for summary judgment and in granting summary judgment in favor of appellee.

That appellant himself did not receive any of the proceeds of the note which he admittedly executed as a favor to another is not dispositive as to his non-liability. Instead, this evidence establishes that appellant occupies the status of an accommodation party. "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." OCGA § 11-3-415 (1). Under appellant's own version of the circumstances which surrounded his execution of the note, he signed it so as to accommodate the Bank's president in connection with the sale of certain realty and in the consequent satisfaction of the underlying loan which was secured by that realty. Compare *Sellers v. C & S Nat. Bank,* 177 Ga. App. 85 (338 SE2d 480) (1985), wherein the evidence of the circumstances surrounding the execution of the note showed that there was no accommodation of a third party's future transaction, but merely a gratuitous assumption of a third party's pre-existing indebtedness.

Notwithstanding the interpretation which may obtain in other jurisdictions, the concept of an "accommodation party" as it is recognized in Georgia is a broad one and there is no requirement that the accommodated party himself be an actual party to the note. See *Lewis v. C & S Nat. Bank,* 139 Ga. App. 855, 857 (a) (229 SE2d 765) (1976); *Wall v. Fed. Land Bank of Columbia,* 156 Ga. App. 368, 372 (3) (274 SE2d 753) (1980). Accordingly, the fact that the note may have been signed by appellant in the capacity of the maker thereof and that the Bank's president himself did not sign the note in any capacity whatsoever will not preclude a finding that, under the existing circumstances, appellant, in signing the note, was in actuality

signing it as an accommodation party for the Bank's president. Since the undisputed evidence as to the circumstances which surrounded appellant's execution of the note showed that he was an accommodation party, he would have no viable defense of failure of consideration. "The accommodation party cannot legally assert lack of consideration for his accommodation as the value received by the [accommodated party] . . . is the consideration for which the accommodation party bargained. [Cits.]" *Lewis v. C & S Nat. Bank*, supra at 858 (a). See also *Motz v. Landmark First Nat. Bank*, 154 Ga. App. 858 (1) (270 SE2d 81) (1980). Therefore, appellant's undisputed status as an accommodation party renders nonviable his failure of consideration defense.

2. The purported illegality of the consideration for appellant's execution of the note is not a viable defense to his liability thereon. Appellant did not plead illegality as an affirmative defense to his liability on the note. Accordingly, neither he nor this Court would be authorized to raise illegality as an issue on this appeal. See generally *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 816 (3) (285 SE2d 203) (1981). Thus, a reversal of the trial court on the basis of the defense of illegality would not be authorized in this case.

Moreover, the evidence of record shows that a defense of illegality would not be viable, even if it had been properly raised by appellant. The underlying transaction at issue was merely an advancement of funds which appellant agreed to repay as evidenced by his execution of the note. This transaction was no more illegal than any other loan transaction evidenced by a promissory note. It may have been intended that the transaction serve as a means for removing a defaulted real estate loan from the Bank's books, but this would not render the transaction illegal. Financial institutions are certainly authorized to arrange for the removal of such loans from its books under the most favorable terms that can be negotiated. There may have been an element of unethical behavior underlying this particular transaction, because it was *timed* so as to remove the defaulted loan from the Bank's books prior to its discovery by the bank examiners. However, this unethical behavior would not render the note unenforceable against appellant. Any possible improper timing of the transaction was, at most, collateral to the loan itself, the object of which was otherwise entirely legal. The consummation of a new transaction resulting in the payment of a loan which is in default is not illegal simply because the bank examiners had not yet discovered the existence of the old loan. "For a contract to be illegal under [OCGA § 13-8-1] the purpose or object of the contract must be illegal. [Cits.] However, this rule has been held inapplicable where the object of the contract is not illegal or against public policy, but where the illegality is only collateral or remotely connected to the contract. [Cit.]" *Shan-*

*nondoah, Inc. v. Smith*, 140 Ga. App. 200, 202 (230 SE2d 351) (1976).

The record shows that one whom appellant assumed to be his friend abused that friendship so as to induce appellant into signing the note and thereby facilitated the payment of a loan which was in default and its removal from the Bank's books. This would undoubtedly warrant a moral censure for appellant's so-called friend. It would not, however, allow appellant to plead the defense of illegality to his unconditional liability as an accommodation party to repay the borrowed funds in accordance with the terms of the note he executed.

3. The fact that the notes were blank when executed by appellant does not affect his indebtedness evidenced by those instruments. Under OCGA § 11-3-115, a blank note becomes enforceable if completed in accordance with the authority given. The evidence of record establishes that appellant did authorize completion of the note, his only real contention being that he received no consideration for his authorization in that regard. Accordingly, this defense would not be viable. See generally *Harbage v. Dollar Farm Prods. Co.*, 166 Ga. App. 561 (305 SE2d 25) (1983).

4. Appellant also urges that the evidence of record fails to show the amount which was due on the note. However, appellant had admitted his execution of the note. He did not deny the non-payment of any of the indebtedness evidenced thereby, but denied only his *liability* as to any of the indebtedness which the note evidenced. Since appellant's defenses to liability had all been pierced, appellee had a prima facie right to judgment for the face amount of the note. See *National Bank of Ga. v. Keriaze*, 163 Ga. App. 652 (294 SE2d 688) (1982); *Freezamatic Corp. v. Brigadier Indus.*, 125 Ga. App. 767 (189 SE2d 108) (1972).

5. The trial court correctly granted summary judgment in favor of appellee and correctly denied appellant's motion for summary judgment.

*Judgments affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Pope and Beasley, JJ., concur. Deen, P. J., Sognier, and Benham, JJ., dissent.*

DEEN, Presiding Judge, dissenting.

The evidence of record demanded a finding that Scott actually received no funds in exchange for signing any of the promissory notes, but that fact does not avail Scott with his contention that the renewal note sued on was unenforceable due to lack of consideration. Under OCGA § 11-3-408, a new consideration is not necessary for a renewal note. *James Pair, Inc. v. Gentry*, 134 Ga. App. 734 (215 SE2d 707) (1975). Concerning the series of promissory notes executed by Scott that created the antecedent debt renewed by the promissory note sued on, consideration may exist if any benefits accrued to Scott or

any detriment was suffered by the bank. *Zachos v. C & S Nat. Bank,* 213 Ga. 619 (2) (100 SE2d 418) (1957). The benefit bargained for by the promissor may actually flow to another party. OCGA § 13-3-42 (d); *Bowman v. McDonough Realty Co.,* 143 Ga. App. 128 (2) (237 SE2d 647) (1977). In the instant case, it was undisputed that Scott's execution of the promissory notes resulted in some benefit to a third party and that the bank suffered some loss.

However, I find convincing Scott's additional contention that even if consideration existed, the note was unenforceable because the consideration was illegal. OCGA § 13-3-45 provides that "[i]f the consideration is illegal in whole or in part, the whole promise fails." " 'An illegal consideration consists of any act or forbearance, or a promise to act or forbear, which is contrary to law or public policy.' . . . 'It is a general rule that agreements against public policy are illegal and void.' " *Hanley v. Savannah Bank &c. Co.,* 208 Ga. 585 (68 SE2d 581) (1952). In the instant case, the arrangement devised by Dekle and Castleberry and participated in by Scott was nothing more than a scheme to conceal information or a predicament that should properly have been disclosed to the bank examiners. To enforce Scott's participation in that scheme would further the perpetration of fraud, and this court should not hesitate to consider that contrary to public policy, regardless of whether Scott specifically pled illegality of consideration as an affirmative defense or not.

Further, I cannot concur with the majority opinion's conclusion that Scott was an accommodation party under OCGA § 11-3-415 (1). That Code section states that "[a]n accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." The plain, ordinary, and unmistakable meaning of that statute is that the accommodated party must be an actual party to the instrument. If this court intimated otherwise in *Lewis v. C & S Nat. Bank,* 139 Ga. App. 855 (229 SE2d 765) (1976), and *Wall v. Fed. Land Bank of Columbia,* 156 Ga. App. 368 (274 SE2d 753) (1980), this court simply misconstrued the statute. However, it is unclear in those cases whether the accommodated parties were not also parties to the promissory notes, and those cases thus should not be so strongly cited as authority for the proposition stated and applied by the majority opinion.

In summary, the promissory note in this case was void and unenforceable because of the illegality of the consideration. The trial court should have denied summary judgment for the appellee and granted it for the appellant. Accordingly, I must respectfully dissent from the majority opinion's affirmance of the trial court's opposite disposition.

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 30, 1988

James M. Skipper, Jr., for appellant.
Benjamin F. Easterlin IV, for appellee.