A91A1311. GUNTER v. HAMILTON BANK OF UPPER EAST
TENNESSEE.
(411 SE2d 115)

ANDREWS, Judge.

Gunter appeals from the trial court's order granting summary judgment to Hamilton Bank. The bank sued Gunter to collect amounts claimed due under a promissory note executed by Gunter in favor of the bank. Gunter answered denying he owed any sums under the note, and claiming failure of consideration. No discovery was conducted prior to the motion for summary judgment.

It is undisputed that Gunter executed the note by which he promised to pay the bank $40,000 in principal, plus interest and reasonable attorney fees incurred in the event of collection upon default. The supporting affidavit filed along with the bank's motion for summary judgment on July 19, 1990, established the terms of the note and the amounts claimed to be due. After the time for response was extended by agreement, Gunter filed a timely response to the motion along with his responsive affidavit on September 14, 1990. In his affidavit, Gunter admitted executing the note and receiving a check for $40,000 made jointly payable to him and the bank, but not endorsed by the bank. He further stated that he endorsed the check, returned it to the bank, and never received any funds from the bank in consideration for the note.

With only these facts before the trial court, Gunter argues that the bank is not entitled to summary judgment because the check he received from the bank was no consideration for the note, and, in effect, he paid the note in full by returning the check to the bank. The check for $40,000, without the bank's endorsement, and made jointly payable to Gunter and the bank, was not negotiable by Gunter alone, and conveyed no consideration. See *Trammell v. Farmers &c. Bank*, 170 Ga. App. 347 (317 SE2d 323) (1984); OCGA §§ 11-3-116 (b) and 11-3-202.

Apparently recognizing this problem, the bank filed a supplemen-

tal affidavit in support of its motion for summary judgment which stated that the consideration for Gunter's execution of the note was the bank's agreement to extend the due date on a defaulted loan it made to Gunter's parents. At the summary judgment hearing held on November 16, 1990, Gunter objected to the bank's supplemental affidavit, and moved to have it stricken as untimely filed. In the alternative, Gunter submitted his own responsive affidavit at the hearing refuting the allegations in the bank's supplemental affidavit. The bank objected to Gunter's supplemental affidavit as not timely filed. At the hearing, the bank also filed a deposition taken of Gunter's mother in a separate case involving the bank and Gunter's parents which purported to establish that Gunter executed the note for the bank's agreement to modify the terms of a loan between the bank and Gunter's parents. Gunter objected to the deposition on the basis that it also was not timely filed. The trial court allowed the deposition to be filed, and stated that it would consider both supplemental affidavits.

Relying on facts supplied in its supplemental affidavit and the deposition, the bank contended that failure of consideration was no defense since, even if Gunter received no proceeds from the note, he signed it as an accommodation party for his parents in connection with an extension of time on their loan to the bank. See *Scott v. Citizens Bank of Americus*, 188 Ga. App. 618-620 (373 SE2d 633) (1988) (accommodation party has no viable defense of failure of consideration). The bank further pointed out that Gunter's answer to the complaint asserts the affirmative defense that he executed the note as an accommodation party. However, this assertion in Gunter's pleadings alleges no facts giving context to the defense, but only the bare legal assertion that he acted as an accommodation party. To be binding, a judicial admission must be one of fact, and not merely the pleader's opinion or conclusion as to law or fact. *Aiken v. Dept. of Transp.*, 171 Ga. App. 154 (319 SE2d 58) (1984). Asserting the legal defense of accommodation party was not an admission sufficient to eliminate consideration as an issue, and warrant summary judgment for the bank. See *Cameron v. Moore*, 199 Ga. App. 800, 801-803 (406 SE2d 133) (1991) (because deposition testimony is not an admission of fact, it was not a judicial admission supporting summary judgment).

An order was entered by the trial court on November 30, 1990 granting summary judgment to the bank. It is apparent from the transcript of the summary judgment hearing, and from the legal authority cited in the order granting summary judgment, that the trial court considered the bank's supplemental affidavit and the deposition filed at the hearing in granting summary judgment to the bank. Pretermitting whether summary judgment would have been appropriate had these materials been timely submitted, without them,

Gunter's initial responsive affidavit establishes a genuine issue concerning the consideration given for the note which precludes summary judgment for the bank.

Since the bank's supplemental affidavit and the deposition were not timely filed, they were not properly before the trial court for consideration. OCGA § 9-11-56 (c) which requires that a motion for summary judgment be served at least 30 days before the time fixed for a hearing, and OCGA § 9-11-6 (d) which requires that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion," have been construed together to mean that an affidavit relied on in support of a motion for summary judgment must be on file for at least 30 days prior to the hearing. *Wall v. Citizens &c. Bank*, 145 Ga. App. 76 (243 SE2d 271) (1978); *Bonds v. John Wieland Homes*, 177 Ga. App. 254 (339 SE2d 318) (1985). Depositions relied on in support of the motion must also be filed 30 days prior to the hearing. *Lynch v. Ga. Power Co.*, 180 Ga. App. 178 (348 SE2d 719) (1986). "[T]he procedure is designed to give the opposing party fair opportunity to contradict the supporting material relied upon by the movant . . . [OCGA § 9-11-56 (c)] requires that only supporting material which is 'on file' at least 30 days before the hearing shall be considered for the movant." *Porter Coatings v. Stein Steel &c. Co.*, 247 Ga. 631-632 (278 SE2d 377) (1981).

However, this strict requirement may be waived by the opposing party's acquiescence in the use of the untimely materials, or if the movant seeks and obtains an order from the trial court under OCGA § 9-11-6 (b) extending the time for filing. *Wall*, supra at 78-80; *Jones v. Howard*, 153 Ga. App. 137, 140-141 (264 SE2d 587) (1980) (any such order should ensure the opposing party is given 30 days to respond). Gunter objected to consideration of the materials filed less than 30 days prior to the hearing. There is no indication that, upon objection, Gunter was offered, but refused, a continuance to allow him 30 days to respond. See *Jones*, supra at 141. Under these circumstances we find Gunter has not waived or acquiesced in the consideration of the materials, nor is he estopped to complain. The bank did not seek an enlargement of the time to file under OCGA § 9-11-6 (b). Accordingly, the trial court erred by considering the late filed materials, and in relying on them to grant summary judgment to the bank.[1]

In so ruling, we need not address Gunter's enumerations of error dealing with the merits of issues raised by the untimely materials not properly before the trial court, nor do we express any opinion on the merits of the bank's claim. The bank's motion for award of damages

---

[1] The trial court did not err, as contended by Gunter, in failing to grant him summary judgment as the non-moving party. Compare *Eiberger v. West*, 247 Ga. App. 767, 770 (281 SE2d 148) (1981).

for a frivolous appeal is denied.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Hunton & Williams, Alan M. Wolper, Scott R. Phillips,* for appellant.

*Lamb & Associates, Andrew Bickwit,* for appellee.