A98A0422. PIERCE v. WENDY'S INTERNATIONAL, INC. et al.
(504 SE2d 14)

RUFFIN, Judge.

John Webb Pierce sued Wendy's International, Inc. ("Wendy's") to recover for injuries resulting when Pierce fell into a hole located on Wendy's property. The trial court granted Wendy's motion for summary judgment. Pierce appeals, and for the following reasons, we affirm.

To prevail on summary judgment, the moving party must show that no genuine issue of material fact remains to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in this light, the evidence shows that Pierce was the lawn maintenance supervisor for the landscape company that performed weekly landscape work at Wendy's restaurant. Pierce's duties included cutting grass, trimming bushes, and planting flowers and shrubs. On March 28, 1995, Pierce was providing landscape services to Wendy's by weedeating a strip of grass along an adjacent highway when he fell into a hole. At the time of his fall, Pierce was walking backward, looking down at the weedeater and not paying attention to the ground behind him. In his deposition, Pierce stated that the hole was covered with grass and difficult to see when it was approached from the side, because plants obstructed his view. However, Pierce admitted that if he stood directly in front of the hole, it was an obvious hazard. Pierce further admitted that if he had been walking forward, he possibly would have seen the hole. As a result of Pierce's fall, he suffered injuries to his left leg and lower back.

The evidence of record shows that this was not the first time that Pierce had observed the hole in question. Pierce had performed landscape work at this location at least 18 to 20 times before the accident. On March 21, 1995, one week prior to the accident, Pierce observed the hole as he performed landscape services for Wendy's. According to Pierce's affidavit, "the hole was only a dip in the ground" during the summer of 1994, but from the summer of 1994 to March 21, 1995, the dip became larger and between March 21, 1995 and March 28,

1995 it eroded away under the grass. However, contrary to Pierce's affidavit, in his deposition, he states that he is unable to recall how many times he saw the hole prior to March 21, 1995. According to both Pierce's deposition and affidavit, he stated that the hole appeared to have increased in size, between the time that he last observed the hole, and the date of the incident, due to soil erosion. Pierce told his supervisor about the hole when he noticed it on March 21, 1995.

Relying on the facts supplied in the entire record, including all pleadings, affidavits and depositions, the trial court granted Wendy's motion for summary judgment.

1. Pierce asserts that the trial court erred in denying his motion to strike Wendy's store manager's affidavit as untimely. The record shows that Wendy's filed its motion for summary judgment on September 5, 1996, but did not file the store manager's supplemental affidavit until December 5, 1996. On March 17, 1997, the date of hearing on the motion for summary judgment, Pierce filed his motion to strike as untimely. The trial court denied Pierce's motion to strike the supplemental affidavit and considered the supplemental affidavit in support of Wendy's motion for summary judgment.

We note initially that even though the order denying Pierce's motion to strike is a non-final order and as such is not directly appealable under OCGA § 5-6-34 (a), it is appealable under OCGA § 5-6-34 (d). OCGA § 5-6-34 (d) states: "Where an appeal is taken under any provision of (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final. . . ." The notice of appeal in this case states on its face that the appeal is being taken from the order granting summary judgment, which is directly appealable pursuant to OCGA § 5-6-34 (a), as well as the order denying Pierce's motion to strike the supplemental affidavit. "Thus, having filed a notice of appeal from the grant of summary judgment, [Pierce] can also appeal the order [denying the motion to strike]. OCGA § 5-6-34 (d);' [cit.]." *Young Constr. v. Old Hickory House #3*, 210 Ga. App. 559 (1) (436 SE2d 581) (1993). Accordingly, this contention of error is properly before this Court.

Turning to the merits of Pierce's assertion that the affidavit should not have been considered by the trial court, we find *Hershiser v. Yorkshire Condominium Assn.*, 201 Ga. App. 185 (1) (410 SE2d 455) (1991) and *Gunter v. Hamilton Bank &c.*, 201 Ga. App. 379 (411 SE2d 115) (1991) controlling. In *Hershiser*, we determined that the trial court erred in considering supplemental affidavits filed after the

motion for summary judgment was filed because the movant did not request an extension of time to file and serve the affidavits pursuant to OCGA § 9-11-6 (d), nor did the trial court find excusable neglect on the movant's part in failing to file timely and serve the affidavits. *Hershiser*, supra at 185.

Likewise, in *Gunter*, the plaintiff filed a supplemental affidavit and deposition in support of its motion for summary judgment and the defendant objected at the hearing and moved to have it stricken as untimely filed. However, the trial court considered both the supplemental affidavit and the deposition in granting summary judgment to the plaintiff. We held the supplemental affidavits and deposition were not timely filed, and consequently were not properly before the trial court for consideration. *Gunter*, supra at 381. As to the supplemental affidavit, we determined that "OCGA § 9-11-56 (c) which requires that a motion for summary judgment be served at least 30 days before the time fixed for a hearing, and OCGA § 9-11-6 (d) which requires that 'when a motion is supported by affidavit, the affidavit shall be served with the motion,' have been construed together to mean that an affidavit relied on in support of a motion for summary judgment must be on file for at least 30 days prior to the hearing. [Cits.]" Id. at 381. Furthermore, the filing requirement is not waived unless the opposing party acquiesced in the use of the untimely materials or the movant seeks and obtains an order from the trial court under OCGA § 9-11-6 (b) to extend the time for filing. Id.; see also *Jones v. Howard*, 153 Ga. App. 137, 140-141 (264 SE2d 587) (1980).

In denying Pierce's motion to strike, the trial court relied on the *Gunter* court's construction of OCGA § 9-11-56 (c) together with OCGA § 9-11-6 (d) and reasoned that Pierce had sufficient time to respond to Wendy's supplemental affidavits. However, the question of whether Pierce had sufficient time to respond to the untimely affidavit is not a factor considered by either *Hershiser* or *Gunter*, and we therefore conclude that it is not dispositive of the issue.

In this instance, the record shows that Pierce objected to consideration of the materials filed less than 30 days prior to the hearing. There is no evidence that the defendant requested an extension of time to file and serve the supplemental affidavits under OCGA § 9-11-6 (b), nor was there any evidence of excusable neglect in failing to serve the affidavits with the motion for summary judgment. Accordingly, the supplemental affidavit of Wendy's store manager was not properly before the court and the trial court erred in relying on it. *Hershiser*, supra; *Gunter*, supra.

Notwithstanding the trial court's improper consideration of the supplemental affidavit, we do not find it dispositive and therefore address the merits of the issues presented in this appeal.

2. "[I]n order to recover for injuries sustained in a slip-and-fall action, [Pierce] must prove (1) that [Wendy's] had actual or constructive knowledge of the hazard; and (2) that [Pierce] lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

To avoid summary judgment Pierce could not rest on the pleadings but had the burden to come forward with specific evidence that Wendy's had superior knowledge of the alleged hazardous condition. *Cook v. Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994). This he failed to do. Pierce offered no evidence that Wendy's had superior knowledge of the hole.

Furthermore, when a person has successfully negotiated an allegedly dangerous condition on a previous occasion, that person is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting therefrom. *Harpe v. Shoney's*, 203 Ga. App. 592, 593 (1) (417 SE2d 184) (1992). Accordingly, Pierce's admission that he worked in the same area one week earlier establishes that he had knowledge of the condition and therefore he cannot recover for his injuries. In addition, Pierce also admitted that he did not report the hazard to Wendy's but only to his supervisor. Notwithstanding whether Wendy's had sufficient time to discover the danger or not, Pierce did discover the danger one week before the incident. Accordingly, there is no evidence that Wendy's had superior constructive knowledge of the hazard based upon Wendy's failure to discover the danger. Having failed to meet his burden in response to Wendy's motion for summary judgment, Wendy's was entitled to summary judgment as a matter of law. *Lau's Corp.*, supra; OCGA § 9-11-56 (c).

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 19, 1998 —
RECONSIDERATION DENIED JULY 2, 1998 —

*Michael J. Kramer*, for appellant.
*Arrington & Hollowell, Brian M. Weiss, Gary W. Diamond*, for appellees.